Betsy RYNESTAD, Plaintiff and Appellant,

v.

Sidney A. CLEMETSON, Earl L. Clemetson, Carl Clemetson, Ernest H. A. Fischer, Mathilda A. Kelly, Harold O. Jeglum, Orlando Jeglum, First National Bank in Grand Forks, a corporation, as Trustee under the Last Will and Testament of Julia Nereson, deceased, and Henry Stromsodt, Charles Clemetson, and Everett J. Lund, as Township Supervisors of Rye Township, a subdivision of the State of North Dakota, Defendants and Respondents.

No. 8168.

Supreme Court of North Dakota.

March 4, 1965.

George Longmire, Grand Forks, for plaintiff and appellant.

Stokes, Vaaler, Gillig & Warcup, Grand Forks, for defendants and respondents Sidney A. Clemetson, Earl L. Clemetson, Carl Clemetson, Ernest H. A. Fischer, and Mathilda A. Kelly.

Thorsen & Thorsen, Grand Forks, for defendants and respondents Harold O. Jeglum and Orlando Jeglum.

Shaft, Benson, Shaft & McConn, Grand Forks, for defendant and respondent First National Bank in Grand Forks, a corporation, as Trustee under the Last Will and Testament of Julia Nereson.

Nelson & Mack, Grand Forks, for defendants and respondents Henry Stromsodt, Charles Clemetson, and Everett J. Lund, as Township Supervisors of Rye Township.

STRUTZ, Judge.

This is an action involving the drainage of surface waters. The plaintiff and appellant, Betsy Rynestad, is the owner of certain lands which lie below lands owned by the defendants Sidney A. Clemetson, Earl L. Clemetson, Carl Clemetson, Ernest H. A. Fischer, and Mathilda A. Kelly, who will be referred to hereafter in this opinion as "upper landowners." These upper landowners, by various ditching operations, contained surface waters and runoff which formerly had meandered over their lands and gathered in potholes and sloughs, discharging such waters into a natural drainway which carried them over the plaintiff's land. The defendants Harold O. Jeglum and Orlando Jeglum are owners of lands lying above the plaintiff's land and between the lands of the defendant upper landowners and that of the plaintiff, and over whose land the natural drainway passes. In order to facilitate the draining of the land of the defendant upper landowners, some of these defendants went upon the lands of Harold O. Jeglum and Orlando Jeglum and constructed ditches and drains through which waters from the lands of the upper landowners flowed onto the land of the plaintiff.

The defendants Henry Stromsodt, Charles Clemetson, and Everett J. Lund are the supervisors of Rye Township, Grand Forks County, North Dakota. The Township, some time prior to the acts complained of by the plaintiff, had constructed certain township roads above the land of the plaintiff, constructing ditches along such roads to drain off surface waters. These ditches followed the natural drain from west to east. However, the Township failed to maintain these ditches and, in the years following their construction, allowed them to become filled with soil, sand, and debris, thus making it impossible for the water to drain along the highways. As a result, surface waters which formerly flowed from west to east along these ditches now flow onto the land of the upper landowners and from their land over the land of the plaintiff.

The plaintiff's complaint prays for an injunction restraining and enjoining the defendant upper landowners from maintaining the drainage ditches by which surface waters, which formerly meandered over the land of such upper landowners, stood in sloughs and potholes on that land, and finally reached the plaintiff's land in greatly reduced volume, now, because of the construction of such ditches and drains, are discharged upon the land of the plaintiff in increased volume and in a different manner than they ordinarily would have come upon the plaintiff's land in the natural course of drainage. The plaintiff further prays for a writ of mandamus ordering the upper landowners to fill and level the ditches which they have constructed and to restore the land to its natural and normal condition. The plaintiff further prays for a writ of mandamus commanding and directing the defendants Henry Stromsodt, Charles Clemetson, and Everett J. Lund, as township supervisors of Rye Township, to open the ditches along the township roads so as to allow surface wa-

ters from lands lying above such highways to follow their natural course from west to east along the highways. Finally, the plaintiff prays for damages against the defendants for injuries done to the plaintiff's land by reason of the construction of the drainage ditches.

The defendants who are upper landowners, by their answer, denied any liability to the plaintiff, alleging that they have merely caused the surface waters to flow along a well-defined watercourse from their lands; that their actions have not increased the amount which flows over the plaintiff's land. The defendant First National Bank in Grand Forks, as trustee under the last will and testament of Julia Nereson, deceased, denies that it, or its decedent, in any way participated in the construction of the ditches complained of and is in no way responsible for any damages which the construction of such ditches and drains may have caused the plaintiff. The defendants Harold O. Jeglum and Orlando Jeglum deny having had any part in the construction of the ditches and drains and deny all liability to the plaintiff. The defendants Henry Stromsodt, Charles Clemetson, and Everett J. Lund, as township supervisors of Rye Township, allege that ditches along the township highways were constructed many years ago, and that they are not responsible for maintaining said ditches.

The defendant upper landowners further point out that the plaintiff did not do what she was advised to do to protect her own property and that therefore her own failure to act was the cause of any damages which she may have suffered. All defendants raise the affirmative defense of statute of limitations.

The trial court decided that it first would try the equitable aspect of the lawsuit and delay the matter of any damages to which the plaintiff may have been entitled for a later determination. At the conclusion of the equity suit, the trial court found for the defendants, holding that the plaintiff was not entitled to an injunction or a writ of mandamus as to any of them, and ordering that the plaintiff's demand for an injunction and writ of mandamus be denied.

From this order denying the plaintiff's prayer for injunction and a writ of mandamus, the plaintiff has taken this appeal.

■■ The owner of the lower, or servient, estate must receive surface water from the upper, or dominant, estate, in its natural flow. While the owner of such upper land has a right to drain and dispose of surface water on his property, he may not concentrate such water and pour it through an artificial drain in unusual quantities and in greater-than-normal velocity upon a lower landowner's property.

■ Subject to certain restrictions, and provided he acts reasonably and with prudent regard for the interests of adjacent owners so as not to increase the burden on the lower owner or injure his property, the upper owner may artificially drain his land. And he is not liable for damages for draining his land where water went over the lower owner's land before such draining and where such draining did not send the water down in a manner or quantity different from formerly. 93 C.J.S. Waters § 116a, p. 811.

■ However, the upper owner has no right to increase materially the quantity or the volume of water discharged on the lower estate or discharge it in a different manner than it usually or ordinarily would have gone in the natural course of drainage. 93 C.J.S. Waters § 116b, p. 813.

■ Thus an owner's right to drain surface water from his land into a natural drainage channel, which is the natural outlet for such waters, is not an absolute right. He may not throw such water into such drainage channel by means of drains or ditches when this will fill the natural drain

**564**

beyond its natural capacity and thus flood the lands of the lower owner.

■ This court has held that the owner of land upon which a slough is located, in which surface waters of an adjacent watershed are gathered, who constructs a drain from such slough to a natural drainway, thus emptying water from the slough into the drainway, to the damage of a lower owner, may be enjoined from maintaining such drain if it causes damage to the lower owner. Froemke v. Parker, 41 N.D. 408, 171 N.W. 284.

■ In other words, this court has held that an upper landowner has no right to collect water from his lands into ditches and dump such water upon the land of an adjoining owner. Thus, where surface water flows in a well-defined course, whether such watercourse be a ditch, a swale, or a drain, in its natural condition, this natural flow may not be interfered with to the injury of a neighboring owner.

Other States have reached the same conclusion. Nebraska has held that, where surface water is impounded upon land by natural conditions, whereby a pond or slough is formed, the owner of such land has no lawful right to remove an impairment to its flowage and thereby cause such water to flow onto the land of another, to his damage. Ricenbaw v. Kraus, 157 Neb. 723, 61 N.W.2d 350.

The Nebraska court in that case holds that, where surface water resulting from rain and snow flows in a well-defined course in its natural condition, whether that course be a ditch, a swale, or a draw, its flow may not be interfered with by a landowner to the injury of neighboring landowners. See also Bennett v. County of Eaton, 340 Mich. 330, 65 N.W.2d 794.

■ Thus an upper owner has no right to take surface water which ordinarily spreads over his land or collects on his land in ponds, pools, or sloughs, and discharge it on lands of a lower owner in greater volume and in a more concentrated flow than would have resulted if natural conditions had been left undisturbed. The mere fact that waters from such sloughs and potholes are first diverted and collected into a natural watercourse leading to or over the lands of a lower owner will not relieve the upper owners causing such drainage from liability therefor if such drainage causes the natural watercourse to overflow, to the damage of the lower owner.

■ All of the defendants have set up the affirmative defense of statute of limitations, contending that the plaintiff's cause of action, if any she had, is barred by such statute. We do not believe that the plaintiff's action is so barred. Improperly draining surface water onto the land of another is an injury for which action may be maintained by the person having title to, or possession of, the property onto which the water is drained, at the time the injury was caused. If damages are recurrent or continuing, the remedy is by successive actions from time to time so long as such improper draining continues and the noxious condition is maintained. 93 C.J.S. Waters § 127a, p. 827.

■ Where there is no adequate remedy at law, in a case of continuing injury to real property by the unlawful discharge of surface water upon it, an injunction will lie to restrain the continuance or the repetition of the injurious acts complained of. 93 C.J.S. Waters § 128a, p. 835; Viestenz v. Arthur Township, 78 N.D. 1029, 54 N.W.2d 572. In the Viestenz case, this court said that, where an injury is continuous or is being repeated, so that complainant's remedy at law requires the bringing of successive actions, the remedy at law is inadequate and the injury will be prevented by injunction.

Here, the record discloses that the defendant upper landowners drained their lands, and water from the sloughs and ponds which formerly meandered over such defendants' lands was sent down onto plaintiff's land in greater volume and in more concentrated flow than would have been the case if natural conditions had been left undisturbed. Thus the order of the district court, so far as it dismisses the plaintiff's cause of action as to the defendant upper landowners, is reversed.

The defendant Board of Township Supervisors of Rye Township contends that the conditions complained of by the plaintiff have existed for a number of years; that the injury to the plaintiff's land was intensified by the increase and acceleration of the flow of surface water from the lands of the upper owners and that the acts of the upper owners, in improperly draining waters from their lands onto the plaintiff's land, have caused the plaintiff's damage; and that such damage, if any, was not caused by anything that the Township has done or has failed to do. The Township Board further contends that, if anything is done for the plaintiff under the plaintiff's prayer for mandatory relief, it should be done by the defendants who are upper landowners, and not by the Township.

What the defendant township supervisors contend relative to the actions of the defendant upper landowners may be true. But that would not justify the Township in failing to maintain the ditches along its highways and by such failure cause additional surface water to be poured upon the land of the upper owners, which water the upper owners, in turn, are draining onto the land of the plaintiff.

Under our law, the Board of Township Supervisors has general supervision of roads and highways throughout the township. Sec. 24–06–01, N.D.C.C. While this court has held that a township is not liable for a loss suffered by a landowner from increasing the flow of surface water on his land, resulting solely from the improvement of a highway in the ordinary manner, and without negligence (Carroll v. Rye Township, 13 N.D. 458, 101 N.W. 894), we have also held that it is the duty of the Township to provide for the drainage of surface waters in building its highways; that the owner of land which is damaged by the unlawful obstruction of surface water by a township road is entitled to an injunction directing the Township to provide an outlet for such surface waters. Viestenz v. Arthur Township, 78 N.D. 1029, 54 N.W.2d 572. See also Viestenz v. Arthur Township (N.D.), 129 N.W.2d 33.

It must naturally follow that, if the Township has the duty to provide a drain for surface waters, it has the duty of maintaining such drain. It cannot justify its failure to do so by showing that the water for which it fails to provide a drain flows onto the lands of upper landowners who fail to allow it to stand in sloughs or potholes on their lands but who, in turn, drain such water, with other surface water onto the plaintiff's land, and that, consequently, such upper landowners are solely responsible for damage and injury caused to the plaintiff's lower land.

The order of the trial court dismissing the plaintiff's complaint as to the defendant township supervisors is therefore reversed.

The defendant First National Bank of Grand Forks, as trustee under the Last Will and Testament of Julia Nereson, deceased, contends that there is a complete failure of proof to show that the deceased, during her lifetime, or the bank, after the establishment of the trust, participated in any way in the ditching or draining complained of, or gave permission for anyone to do any ditching or draining on this defendant's land. We have examined the record, and it is completely void of any evidence to establish a cause of action against the trustee. The order dismissing the plaintiff's complaint as to the defend-

ant First National Bank of Grand Forks is therefore affirmed.

Defendants Harold O. Jeglum and Orlando Jeglum contend that any ditching done on their land was done by the defendants Carl Clemetson and Mathilda A. Kelly, two of the upper landowners, without the knowledge or consent of the Jeglums. The record does show that one of the witnesses testified that the defendant Carl Clemetson told him that the mother of the defendants Jeglum had given her consent to such ditching. The mother now is deceased. The defendant Carl Clemetson, who was supposed to have had the oral consent of the Jeglums' mother, did not see fit to testify. Thus the record, as we have it, is that no consent was given by the defendants Jeglum for such ditching and draining.

The order of the trial court dismissing the plaintiff's complaint as to the defendants Jeglum is therefore affirmed, since no cause of action has been established against them.

For reasons stated herein, the order of the district court appealed from is reversed as to the defendants Sidney A. Clemetson, Earl L. Clemetson, Carl Clemetson, Ernest H. A. Fischer, and Mathilda A. Kelly, upper landowners; reversed as to the defendants Henry Stromsodt, Charles Clemetson, and Everett J. Lund, as township supervisors of Rye Township; affirmed as to the defendant First National Bank in Grand Forks, as trustee under the Last Will and Testament of Julia Nereson, deceased; and affirmed as to the defendants Harold O. Jeglum and Orlando Jeglum.

The case therefore is remanded to the district court with instructions to issue its order enjoining the defendants Sidney A. Clemetson, Earl L. Clemetson, Carl Clemetson, Ernest H. A. Fischer, and Mathilda A. Kelly, upper landowners, from discharging surface water from their lands in a manner different from what it or-dinarily would have been discharged in the natural course of drainage, and to order such upper landowners to fill drainage ditches which they have constructed across their property to prevent any further discharge of surface water in a manner other than it ordinarily would have been discharged in the natural course of drainage.

The district court is further instructed to order and direct the defendants Henry Stromsodt, Charles Clemetson, and Everett J. Lund, as township supervisors of Rye Township, to maintain the ditches along the township roads described in the plaintiff's complaint so as to allow the surface water to follow its natural course of drainage.

BURKE, C. J., and TEIGEN and ERICKSTAD, JJ., concur.

KNUDSON, J., not having been a member of the Court at the time of the submission of this case, did not participate.