Mike JONES, Plaintiff and Respondent,

v.

The BOEING COMPANY, a Delaware Corporation, Defendant, Respondent, and Third-Party Plaintiff,

and

Kirkham, Michael & Associates, a North Dakota Corporation, Appellant and Third-Party Defendant.

Civ. No. 8389.

Supreme Court of North Dakota.

Sept. 20, 1967.

Rehearing Denied Oct. 10, 1967.

Conmy, Conmy & Feste, Fargo, for appellant and third-party defendant.

Ella Van Berkom, Minot, for plaintiff and respondent.

Palda, Palda, Peterson & Anderson, Minot, for defendant, respondent, and third-party plaintiff.

PAULSON, Judge.

Plaintiff commenced an action for damages caused by the drainage of surface waters to personal and real property owned by him, which property was situated in the city of Parshall, Mountrail County, North Dakota. The defendant interposed an answer and also instituted a third-party-plaintiff proceeding against the third-party defendant, Kirkham, Michael & Associates. The trial was held before the Honorable Eugene A. Burdick, district judge, and the court granted judgment to the plaintiff for the damages sustained to his property against the defendant and third-party plaintiff, The Boeing Company, a Delaware corporation, and judgment against the third-party defendant, Kirkham, Michael & Associates, a North Dakota corporation, in favor of the third-party plaintiff. The defendant and third-party plaintiff did not appeal from the judgment, but Kirkham, Michael & Associates, the third-party defendant, has appealed from the judgment which was entered against it in favor of the third-party plaintiff. The appellant has demanded a trial de novo and, in addition thereto, has set forth certain assignments of error and specifications of insufficiency of the evidence.

Prior to the commencement of this action the plaintiff secured the services of a competent surveyor to establish the grade level and level for the house which plaintiff desired to build. Construction of his house was completed in the year 1961. The plaintiff and his wife occupied the main floor of this structure and the basement was leased as two separate, finished rental units. The house faced in an easterly direction and there was an outside entrance to the apartment on the north side of the house, with two separate doors to the apartments at the bottom of the stairway. A retaining wall of concrete blocks protected the stairway.

The defendant, The Boeing Company, during the summer of 1961, acquired certain property directly to the north and across the street from the plaintiff's property, for the purpose of constructing a trailer court for its employees. The area of the trailer court exceeded 13 acres and prior to such leasing was virgin land, vacant and unoccupied. There was a thoroughfare designated as Fifth Avenue which separated the plaintiff's property from the Boeing property, which ran in an easterly and westerly direction. There was also a street adjacent to the east side of the plaintiff's property, known as Second

Street, the direction of which was north and south.

The Boeing Company entered into a contract with the third-party defendant, Kirkham, Michael & Associates, which contract was reduced to writing and is one of the exhibits in this case. The third-party defendant, pursuant to the terms and provisions of this contract, agreed, among other things, that it would be responsible for all acts of negligence and damage growing out of and from the construction of the mobile home sites in Parshall, North Dakota, together with sites in other locations in the State of North Dakota which are not involved in this action. The relevant provision of said agreement is as follows:

"*Clause 14. Responsibility for Negligence.*

Architect-Engineer shall defend, protect and save harmless Boeing from and against all claims, suits, actions, liability, loss, damage and expense arising from any negligent act or negligent omission of Architect-Engineer or any subcontractor (first or lower-tier) under this agreement or any of their respective agents or employees in connection with the performance of this agreement."

The third-party defendant, according to the terms of the above-mentioned contract, further agreed to design, secure bids, and perform all engineering services, together with and including complete supervision and inspection required with reference to the construction of this housing unit site. A contracting firm was awarded the bid for the construction of the site, pursuant to the bids advertised, considered, and recommended by the third-party defendant.

■ The plaintiff secured a judgment as a result of the damages sustained from the water which was drained from the trailer court area and directed onto, upon,

and across the property of the plaintiff, flooding his basement, which flooding damaged his property, both real and personal. The appellant, as heretofore indicated, has demanded a trial de novo of all of the issues in the Supreme Court and this demand is contained in its notice of appeal. However, the demand for trial de novo was not contained in the certificate settling the statement of the case as required by Section 28–27–32 of the North Dakota Century Code. This court has held that a request and demand for trial de novo that appears only in the notice of appeal is not sufficient. Anderson v. Blixt (N.D.), 72 N.W.2d 799; Retterath v. Retterath, 76 N.D. 583, 38 N.W.2d 409.

A further review of the judgment roll indicates that the third-party defendant did not in its answer to the third-party complaint interpose any defense against the action of the plaintiff even though such a defense may have been interposed pursuant to the North Dakota Rules of Civil Procedure. The pertinent portion of Rule 14 (a) of the North Dakota Rules of Civil Procedure is as follows:

"* * * The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. * * *"

■■ A party on appeal may raise only such issues as were before the trial court. Adams v. Bartel (N.D.), 129 N.W.2d 755. In addition thereto, the notice of appeal, while the same was served upon the attorney for the plaintiff and also on the attorneys for the defendant and third-party plaintiff, is actually only an appeal from the judgment of the defendant and third-party plaintiff against the third-party defendant. Therefore our review of this record is further limited in scope to those defenses which were raised by the third-party defendant against the third-party plaintiff in the trial of said action in the district court.

The appellant's attorneys, by their own conduct in this case, further buttress this position. We quote from the transcript:

"THE COURT: Defendant Boeing rests?

"MR. PALDA: Defendant Boeing rests.

"MR. CONMY: May I make a motion, Your Honor.

"THE COURT: Certainly may.

"MR. CONMY: At this time the Plaintiff and Defendant having rested, the Third-Party Defendant moves the Court for a dismissal of this action on the following grounds and reasons. One, there is no proper proof of damages.

"THE COURT: That is the Third-Party action you are speaking of?

"MR. CONMY: That's right, excuse me, I should have made that clear, Third-Party action. Number two, that there is no proper or sufficient proof in the record showing any causual [sic] connection between the Third-Party Defendant or Defendant or for that matter in Plaintiff's allegations of damages. Number three, there is no proof of any negligence or negligent omission as to the Third-Party Defendant and number four, there is no proof in this record in anyway [sic] sufficient to justify any recovery of any kind against the Third-Party Defendant. That is the motion, Your Honor.

"MR. PALDA: Third-Party Plaintiff resists the motion.

"MISS VAN BERKOM: Plaintiff resists the motion.

"THE COURT: The motion to dismiss is denied."

The appellant's first two assignments of error concern rulings by the court on an objection to certain testimony and a motion made by the appellant for the dismissal of the defendant and third-party plaintiff's cause of action. The salient portion of the testimony contained in the transcript is as follows:

"Q. (By Miss Van Berkom) Did the kind of grading that was done accelerate the flow of the water off this particular area when it was finished?

"MR. CONMY: That is objected to as being no foundation for this testimony from this witness.

"THE COURT: Overruled, he may answer.

"A. When we went in there, before we started grading, it was in grasses, and the whole area drained off as a flat surface and instead of being concentrated in one spot or in two concentrated spots, it came off in a long area, possibly four to five hundred feet long. When we got done grading this, the area—When you grade it, your run off is faster and concentrated. The concentration was where the two outlets of the park are.

"MR. CONMY: I move to strike the answer as not responsive.

"THE COURT: Motion denied."

■■ The motion for dismissal has been previously quoted in this opinion, and will therefore not be repeated. The appellant's contentions with reference to the rulings by the lower court are not well taken. The plaintiff laid a proper foundation for the testimony by the witness, John Froshaug. A review of the record indicates that Mr. Froshaug was an experienced supervisor of construction and that he was well able to testify as to the accelerated flow of the water after the topography of this particular tract of land had been changed. He thus qualified as an expert witness and the admissibility of his testimony rests largely in the discretion of the presiding judge and his decision will not be reversed unless clearly erroneous as a matter of law. Otter Tail Power Company v. Malme (N.D.), 92 N.W.2d 514; City of Bismarck v. Casey, 77 N.D. 295, 43 N.W.2d 372.

The testimony of this witness, that is, John Froshaug, was also later substantiated by Robert J. Walker, a witness for the third-party defendant. We therefore find no error in permitting the introduction of this testimony.

■ The appellant also contends that the court's refusal to dismiss the action of the third-party plaintiff was error, because in the argument of the appellant it is urged that there is nothing in any finding or in any conclusion of law where trial court found that the architect was negligent except as to a failure to warn Boeing. The appellant places great emphasis on the trial court's statement that the plans and specifications of the trailer court were good. However, even though the design may have been a good design in that it was suitable for the purposes for which it was intended, such a finding does not preclude the conclusion that there was an error so far as the design or supervision of construction for proper drainage facilities of the mobile court. The issue of appellant's negligence is discussed later in this opinion.

In addition, the appellant argues that the third-party defendant did not have an absolute duty to prevent surface waters from damaging the plaintiff's property and that the architect can only be held liable where through negligence and lack of skill the plans were faulty and defective because the duty of the architect is different and distinguishable from that of an ordinary tortfeasor.

We shall discuss the contentions raised by the appellant which are pertinent to this decision.

■ The case of Henderson v. Hines, 48 N.D. 152, 183 N.W. 531, involved an action for damages caused by the disposition of surface waters in the city of Dickinson. This court indicated that a landowner is permitted to make improvements subject only to the principle that he must not be negligent in so doing so as to thereby occasion damage to other owners, the measure of his right and reciprocal duty in the removal or disposition of surface waters being determined under the principle that he had the right to possess and so use his land subject to the rule "So use your own property as not to injure the rights of another." The rule set forth in Henderson v. Hines was approved in Lemer v. Koble (N.D.), 86 N.W. 2d 44. In that particular case, which involved rural property, this court indicated that there was no liability for discharging surface waters through a natural swale or drainway, even though the level of the flow may have been slightly increased by operations on defendant's land. Similarly, this court, in Rynestad v. Clemetson (N. D.), 133 N.W.2d 559, stated that the owner of the lower, or servient, estate must receive surface water from the upper, or dominant, estate, in its natural flow. While the owner of such upper land has a right to drain and dispose of surface water on his property, he may not concentrate such water and pour it through an artificial drain in unusual quantities and in greater-than-normal velocity upon a lower landowner's property. The court further stated that the upper owner has no right to increase materially the quantity or the volume of water discharged on the lower estate or discharge it in a different manner than it usually or ordinarily would have gone in the natural course of discharge.

■ Various rules have been enunciated with reference to the discharge of surface waters. In a few jurisdictions the courts, in recognizing the rigidity of traditional rules, have evolved a rule of "reasonable use" which does determine the rights of the parties with respect to the disposition of surface waters by an assessment of all of the relevant factors. One such jurisdiction is New Jersey, whose court in Armstrong v. Francis Corporation, 20 N.J. 320, 120 A.2d 4, 59 A.L.R.2d 413, adopted the reasonable use rule after a careful analysis of the various rules. This case involved an ac-

tion against a contractor who, in providing drainage for a housing project, materially increased the flow of water in a stream bounding on plaintiff's land, resulting in erosion and other damage to plaintiff's property. The New Jersey court stated that the casting of surface waters from one's own land upon the land of another, in circumstances where the resultant material harm to the other was foreseen or foreseeable, would appear on the face of it to be tortious and actionable as was any other unreasonable use of the possessor's land. The court further noted that the rule of reasonableness has the particular virtue of flexibility. The issue of reasonableness or unreasonableness becomes a question of fact to be determined in each case upon a consideration of all of the relevant circumstances, including such factors as the amount of harm caused, the foreseeability of the harm which results, the purpose or motive with which the possessor acted, and all other relevant matter. Noting the interest of society in the development of urban lands, the court stated:

" * * * But while today's mass home building projects, of which the Francis development is typical, are assuredly in the social good, no reason suggests itself why, in justice, the economic costs incident to the expulsion of surface waters in the transformation of the rural or semi-rural areas of our State into urban or suburban communities should be borne in every case by adjoining landowners rather than by those who engage in such projects for profit. Social progress and the common wellbeing are in actuality better served by a just and right balancing of the competing interests according to the general principles of fairness and common sense which attend the application of the rule of reason." Armstrong v. Francis Corp., 20 N.J. 320, 120 A.2d 4, 10.

We desire to apply a rule which will be fair and just. Having this objective in mind, we adopt the reasonable use rule as expressed in the New Jersey case of Armstrong v. Francis Corp., supra. We believe the rule in the New Jersey case has been well stated and that it represents not so much a change in policy by this court as a clarification of the rationale followed in prior decisions and that the result reached is a similar one.

■■■ A review of the record shows that the trial court not only made a finding that the third-party defendant was negligent in its failure to warn Boeing, but that the court also found that by reason of the architectural plans, engineering supervision, and construction of the trailer court, the direction of the natural drainage was so changed that it directed and concentrated the flow of the surface waters over, upon, and onto plaintiff's property. It should also be noted that the appellant in this case was not only the designing architect of this project, but was also the engineer who had complete supervision of the contractors and who played an active part, which included the securing of bids, and continuous inspection, throughout construction. Additionally, the agents of the appellant were notified by the plaintiff, a layman, of the danger of flooding to his property. The appellant failed to take adequate affirmative steps even after this warning. The duty was upon the architect-engineer to exercise ordinary care for the protection of any person who foreseeably and with reasonable certainty may be injured by the failure to do so. Montijo v. Swift, 219 Cal.App.2d 351, 33 Cal. Rptr. 133; Miller v. DeWitt, 59 Ill.App. 2d 38, 208 N.E.2d 249. This duty was not met in this case and it was this failure to exercise ordinary care in the design and supervision of this project, even after being placed on notice of the danger of resulting flooding, which constituted negligence and unreasonable use on the part of the appellant.

■■■ The third-party defendant and appellant further urges that the lower court erred in refusing to receive in evidence Exhibits G, I, and J. These ex-

hibits consisted of correspondence which was forwarded by the employees of Kirkham, Michael & Associates to the Boeing Company, and which exhibits were offered in evidence to attack the credibility of John Froshaug, who had previously testified and was no longer on the witness stand. The lower court sustained the objections of the third-party plaintiff as to such exhibits on the ground of lack of materiality. We find no error in such a ruling. The exclusion of evidence as not material or, more specifically, as not of probative value commensurate with the time which would be required for its use as evidence, either because too remote, or because the evidence in question is deemed to be too uncertain, or too conjectural, is a matter largely within the discretion of the court. 31A C.J.S. Evidence § 159, pp. 435–436.

 The appellant's first two specifications of insufficiency concern, primarily, the findings of the district court regarding changes in the direction of the flow of the surface waters. As previously stated in this opinion, no appeal has been taken from the judgment secured by the plaintiff against the original defendant in this action, either by the defendant or by the third-party defendant. Therefore, we are only reviewing the record with reference to the judgment which the third-party plaintiff was granted as against the third-party defendant. We have reviewed the evidence as heretofore discussed in this opinion and we again state and find by a fair preponderance of the evidence that the construction of the trailer court was in accordance with the plans and specifications of the third-party defendant and such evidence establishes the third-party plaintiff's claim against the third-party defendant for liability over and against the third-party defendant. In fact, the third-party defendant admits that the construction was pursuant to the plans and specifications and thus, by virtue of the hold-harmless agreement contained in the contract, such agreement makes the third-party defendant responsible

to the third-party plaintiff for the damages incurred by the plaintiff for the reasons herein mentioned.

The appellant's third specification with reference to the insufficiency of the evidence indicates that there is not competent proof that the trailer court could and should have been differently designed or that a reasonably prudent architect or engineer would have designed it differently. The fourth specification of insufficiency states that the evidence is wholly insufficient to support any finding that the third-party defendant's architects and engineers failed to employ the care ordinarily exercised in like cases by reputable members of their profession and their best judgment in the exercise of their skill and the application of their learning, or were guilty of any act of negligent omission of duty to Boeing Company by virtue of Boeing's own knowledge of the complaint of the plaintiff, and also in view of the design requirements submitted by Boeing to the third-party defendant.

 We cannot uphold the appellant's contentions. The appellant professed and held itself to have the experience and ability to perform these services. These contractual representations were made by appellant on page 1 of Exhibit A in this case. By virtue of the fact that the appellant's employees agreed to provide engineering services and complete supervision, the third-party defendant would be charged with notice that correct and adequate plans and specifications were essential for the proper drainage of surface waters from the land area which was converted. That there was an omission on the part of the third-party defendant has been established from the evidence which amply supports the judgment of the trial court.

We hold that there was no error committed by the lower court and the decision of the district court is therefore affirmed.

STRUTZ, C. J., and TEIGEN, ERICKSTAD and KNUDSON, JJ., concur.