**THREE AFFILIATED TRIBES OF THE FORT BERTHOLD RESERVATION, Plaintiff and Appellant,**

v.

**WOLD ENGINEERING, P.C., a North Dakota Professional Corporation, Defendant, Third–Party Plaintiff and Appellee,**

v.

**SCHMIDT, SMITH & RUSH, Third–Party Defendant.**

**Civ. No. 870205.**

Supreme Court of North Dakota.

March 4, 1988.

VANDE WALLE, Justice.

Three Affiliated Tribes of the Fort Berthold Reservation [TAT] appealed from a district court judgment dismissing its action against Wold Engineering, P.C. [Wold]. We affirm.

In 1973 TAT contracted with Wold for the design and construction of a year-round water system for the Four Bears Village on the Fort Berthold Indian Reservation. Wold designed an above-the-ground "wet" system, and after the Indian Health Services, a division of the Federal government, reviewed, revised, and approved the plans, the system was installed and became operational in the fall of 1977. During that fall the system froze, resulting in significant damage. During the spring of 1978 Wold redesigned the "wet" system as a "dry" system, and it was put back into operation. However, the next winter the system again froze. In March 1980, TAT commenced this action against Wold, alleging that the water system froze during those winters because it was negligently designed.

After a bench trial on the issue of liability,[1] the trial court found that the Indian Health Services' review of Wold's plans made it a de facto designing and planning engineer for the system, that Wold did not negligently design the system, that recurrent vandalism and neglect caused the damage, and that because the action was commenced more that two years after TAT knew, or by the exercise of reasonable diligence should have known, of Wold's possible negligence, the action was barred by the two-year statute of limitations for malpractice. The district court thus entered judgment dismissing the action.

On appeal the dispositive issues involve the trial court's findings that Wold did not negligently design the water system and that recurrent vandalism and neglect caused the damage.

The elements of a malpractice or professional negligence action are the ex-

John O. Holm, Rapid City, S.D., for plaintiff and appellant.

Gary H. Lee, of Bosard, McCutcheon & Rau, Minot, for defendant, third-party plaintiff and appellee.

1. The parties agreed to bifurcated trials on the issues of liability and damages. Issues regarding jurisdiction were resolved in *Three Affiliated Tribes, Etc. v. Wold Engineering, P.C.*, 321 N.W. 2d 510 (N.D.1982), *vacated and rem'd* 467 U.S. 138, 104 S.Ct. 2267, 81 L.Ed.2d 113 (1984), *on remand* 364 N.W.2d 98 (N.D.1985) *rev'd by* 476 U.S. 877, 106 S.Ct. 2305, 90 L.Ed.2d 881 (1986).

istence of a duty or standard of care on the part of the professional to protect another from injury, the failure to discharge that duty, and a resulting injury proximately caused by the breach of duty. *Winkjer v. Herr*, 277 N.W.2d 579 (N.D.1979); *Johnson v. Haugland*, 303 N.W.2d 533 (N.D.1981).

In preparing plans and specifications for a project, a professional does not guaranty a perfect plan or satisfactory results; rather, the professional's duty is to exercise that degree of skill and care applied under all the circumstances in the community by the average, prudent, reputable member of the profession. *Johnson v. Haugland, supra; Van Ornum v. Otter Tail Power Co.*, 210 N.W.2d 188 (N.D.1973); *Jones v. Boeing Co.*, 153 N.W.2d 897 (N.D.1967); *Ressler v. Nielsen*, 76 N.W.2d 157 (N.D.1956). Whether a duty exists and, if so, what standard of care applies are questions of law [*Tom Beuchler Const. v. City of Williston*, 392 N.W.2d 403 (N.D.1986)], but the resolution of whether there has been a breach of that standard of care and whether the breach is the proximate cause of the injury are questions of fact unless the evidence is such that reasonable minds can draw but one conclusion. *Priel v. R.E.D., Inc.*, 392 N.W.2d 65 (N.D.1986); *Sheets v. Letnes, Marshall & Fiedler, Ltd.*, 311 N.W.2d 175 (N.D.1981).

In this case each party presented expert testimony about whether Wold's design of the system complied with its professional standard of care. Wold presented evidence, including the testimony of a registered professional engineer, Burt Peckham, and the system's designer, Duane Torvik, which, if believed, established that Wold's design of the system met its standard of care. There was also evidence presented that Wold's design of the system was reviewed, modified, and approved by registered professional engineers with Indian Health Services. While we express no opinion as to whether that action made Indian Health Services a de facto designing and planning engineer, we believe that that evidence supports an inference that Wold's

design of the system met its standard of care. Wold also presented evidence which, if believed, established that vandalism and neglect were the proximate cause of the damage. The conflicting evidence was not such that a reasonable mind could draw but one conclusion about breach of duty and proximate cause and the resolution of those issues are thus questions of fact.

■ Our review of a trial court's determination on factual matters is governed by the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P. A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973). We give due regard to the trial court's opportunity to assess the credibility of the witnesses, and a choice between two permissible views of the weight of the evidence is not clearly erroneous. *Zajac v. Great American Insurance Companies*, 410 N.W.2d 155 (N.D. 1987).

The trial court made the following findings of fact:

"8. Wold exercised reasonable professional skill and judgment on behalf of its client Affiliated.

\* \* \* \* \* \*

"10. Prior to the project's completion, and continuing after the system went into operation, the system was vandalized. Affiliated personnel also failed to provide satisfactory maintenance to the system. This recurrent vandalism and neglect were contributing, if not the sole causes of the damages suffered."

■ After reviewing the record and giving due regard to the trial court's opportunity to assess the credibility of the witnesses, we are not left with a definite and firm conviction that the trial court made a mistake regarding its findings of fact about breach of duty and proximate cause. We therefore conclude that those findings are not clearly erroneous.

Without citing specific references to the transcript, TAT also contends that the trial court erred in sustaining Wold's objection to the admission of evidence on "the negligent design of the treatment plant." Wold responds that the trial court properly sustained its objection to a question about the quality of the water from the system because TAT did not properly raise issues about water filtration and quality in its complaint. The trial court sustained Wold's relevancy objection to a question regarding whether Torvik used "any standards in determining the quality of water that was expected to be coming out of the treatment plant."

We do not believe the trial court abused its discretion in sustaining this relevancy objection because the question addressed issues about the quality of the water rather than the freezing of the system and thus was not within the parameters of issues raised by the complaint. See *Shark v. Thompson*, 373 N.W.2d 859 (N.D.1985).

The district court judgment is affirmed.[2]

ERICKSTAD, C.J., GIERKE, J., and VERNON R. PEDERSON, Surrogate Justice, concur.

VERNON R. PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.

LEVINE, Justice, concurring specially.

I unhappily concur. I believe the trial court gave short shrift to plaintiff's experts' testimony and undue weight to the evidence of vandalism. While I disagree with the trial court's fact-finding, my conviction that it is mistaken is not definite and firm enough to hold its findings of the absence of negligent design and the presence of causative vandalism clearly erroneous. A dissent would simply be substitut-

ing my judgment for the trial court's and weighing the evidence, the two primary "shalt nots" of appellate review.

---

2. Because the judgment is sustainable on the issues of proximate cause and breach of duty, we do not consider the other issues challenging the alternative bases for the trial court's decision, i.e., whether the trial court was correct in determining that the action was barred by the two-year statute of limitations, the applicability of the continuous-representation rule to this case, and whether a professional such as Wold may delegate its responsibilities in designing a water-intake system to a third party such as Indian Health Services.