BECHTOLD PAVING, INC., Plaintiff,

v.

The CITY OF KENMARE, North Dakota, Defendant, Third–Party Plaintiff, and Appellee,

v.

WOLD ENGINEERING, P.C., Third–Party Defendant and Appellant.

BECHTOLD PAVING, INC., Plaintiff and Appellee,

v.

The CITY OF KENMARE, North Dakota, Defendant, Third–Party Plaintiff, and Appellant,

v.

WOLD ENGINEERING, P.C., Third–Party Defendant.

Civ. No. 890012.

Supreme Court of North Dakota.

Aug. 28, 1989.

David J. Hogue, of Pringle & Herigstad, P.C., Minot, for plaintiff and appellee Bechtold Paving, Inc.

Glenn Dill III, Kenmare, for defendant, third-party plaintiff, appellee, and appellant City of Kenmare.

Gary H. Lee, of Bosard, McCutcheon & Rau, Ltd., Minot, for third-party defendant and appellant Wold Engineering, P.C.

VANDE WALLE, Justice.

Wold Engineering, P.C., and the City of Kenmare appealed from a judgment awarding Bechtold Paving, Inc., the balance due on a contract to seal streets in Kenmare

and ordering Wold to pay to have the streets redone. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Kenmare retained Wold to provide engineering services and supervision for street sealing in Kenmare. Wold prepared plans and specifications for the project, which entailed sealing the streets with asphalt and aggregate. Bechtold was awarded the bid to provide contractor's services for the project. Before the streets were sealed, Wold authorized Bechtold to change materials to a larger size aggregate and to an asphalt emulsion thinned with water rather than a rapid-cure asphalt thinned with gasoline as required in the original contract specifications.

During the sealing, dust from the unwashed aggregate was observed, and Kenmare complained to Bechtold and Wold. However, Wold ordered the project to continue and ultimately approved and accepted Bechtold's work. After the project was completed, there were longitudinal streaks and ridges of aggregate throughout the streets. Kenmare was not satisfied with the project and refused to pay Bechtold the balance due on the contract.

Bechtold sued Kenmare, alleging that $15,030.03 was due on the contract. Kenmare counterclaimed against Bechtold, alleging that Bechtold caused $2,348 in damage to a water main. Kenmare further alleged that the sealing project was not done in a workmanlike manner and sought $131,991.70 in damages to have the streets redone. Kenmare also sued Wold for $131,991.70 in damages to have the streets redone, alleging that Wold had altered the contract specifications and had allowed the use of improper materials.

After some discovery and a continuance, Kenmare moved to amend its third-party complaint to allege that Wold negligently supervised the resurfacing and to increase the claim for damages to $400,000. Wold objected, but the trial court allowed the amendment.

After a bench trial, the court found in favor of Bechtold on its claim for the balance due on the contract and in favor of Kenmare on its claim for the damaged water main. The court offset the damages for the water main against the balance due on the contract. The court also found in favor of Kenmare on its claim against Wold and an amended judgment [1] was entered which provided:

"That the City of Kenmare shall cause the streets included in the original resealing project to be resealed by reletting bids for the project and may employ an engineer to prepare specifications, let bids, and superintend the work in progress to accomplish in a workmanlike manner what the City of Kenmare initially proposed to receive from a successful bidder utilizing the materials initially specified, and which it should have received by proper supervision and enforcement of the contract by the contractor, Wold Engineering, P.C.; and that Wold Engineering, P.C. shall pay for the project awarded and completed, making payments to the engineer and contractor when progress payments are required by the construction contract."

■ Wold argues that the trial court's finding of fact that the problems with the project "were caused by improper material and improper application" was clearly erroneous. Wold asserts that the testimony by Kenmare's expert that the changes in the contract specifications were not improper and the uncontradicted testimony that the asphalt and aggregate were applied properly establishes that the trial court's finding of fact was clearly erroneous.

1. The original judgment provided:
 "That Wold Engineering, P.C. redo the project on The City of Kenmare city streets included in the project. That Wold Engineering, P.C. get the street profile back in shape by blading or milling, as necessary to reapply the sealcoat, and sweep and otherwise prepare the streets for a new sealcoat and apply a new sealcoat to the streets in a manner that will accomplish what The City of Kenmare originally envisioned and intended."
 Wold moved to amend the original judgment, asserting that the trial court should have awarded damages instead of specific relief. The trial court then entered the amended judgment.

Our review of a trial court's determination on factual matters is governed by the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P. A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *In re Estate of Elmer*, 210 N.W.2d 815 (N.D.1973). We give due regard to the trial court's opportunity to assess the credibility of the witnesses, and a choice between two permissible views of the evidence is not clearly erroneous. *Three Affiliated Tribes v. Wold Eng.*, 419 N.W.2d 920 (N.D.1988).

The evidence adduced at trial established that the completed project had longitudinal streaks with rutted street surfaces, which resulted in accumulations of water. The streets also had bare spots with no seal coating and areas with loose aggregate. There was evidence that the aggregate was dirty and did not properly adhere to the asphalt. An engineer hired by Kenmare, Calvin Marjamaa, inspected the streets and reported that the problems with the streets were caused by: (1) applying the liquid bitumen unevenly; (2) allowing traffic on the fresh bitumen before seal-coating with aggregate; and (3) using improper seal-coat aggregate. The evidence supports the trial court's finding of fact that the problems with the project were caused by improper material and improper application, and we are not left with a definite and firm conviction that the trial court made a mistake in that finding. We therefore conclude that that finding is not clearly erroneous.

▆ Wold also argues that the trial court improperly allowed Kenmare to amend its complaint on the eve of trial to allege that Wold improperly supervised the project and to increase the claim for damages from $131,991.70 to more than $400,-000.

Rule 15(a), N.D.R.Civ.P., permits amendments to pleadings and provides that such amendments "shall be freely given when justice so requires." It is well established that a decision on a motion to amend plead-

ings depends on the facts and circumstances of the particular case and is within the sound discretion of the trial court. E.g., *First Trust Co. v. Scheels Hardware*, 429 N.W.2d 5 (N.D.1988); *Greenwood v. American Family Insurance Co.*, 398 N.W.2d 108 (N.D.1986). We will not reverse a trial court's decision on a motion to amend pleadings in the absence of an abuse of discretion. E.g., *Geo-Mobile, Inc. v. Dean Bender Chevrolet*, 386 N.W.2d 918 (N.D. 1986); *Bender v. Time Insurance Co.*, 286 N.W.2d 489 (N.D.1979).

Kenmare moved to amend its complaint on December 26, 1986, before Wold and Bechtold had served answers to interrogatories. The trial court heard and decided Kenmare's motion on January 6, 1987, the first day of trial. Wold did not ask for a continuance after the trial court granted Kenmare's motion. This case was heard in three segments: on January 6–7, 1987; on January 20–21, 1987; and on August 27, 1987, when the trial court conducted an on-site inspection of the streets. On September 2, 1987, the court also gave the parties the opportunity to present additional testimony before closing arguments. Because of the protracted nature of the trial, Wold was not precluded from presenting further evidence on the amended complaint, and its claim of unfair prejudice is diminished by the failure to provide further evidence during the later phases of the trial. Moreover, we do not believe the amendment to add a specific allegation of negligent inspection and supervision as a basis for recovery significantly altered Wold's defense because Wold contracted to provide engineering and consulting services to Kenmare and was being sued for not properly performing that contract. That contract thus involved inspection and supervision. We conclude that the trial court did not abuse its discretion in permitting Kenmare to amend its complaint to include a claim for negligent inspection and supervision of the project and to increase the amount sought for damages.

▆ Wold also contends that the remedy ordered by the trial court was essentially specific performance and was improper be-

cause damages were adequate. Wold asserts that the trial court's remedy impermissibly delegated its duty to make a factual determination on the amount of damages to a third party.

In *Wolf v. Anderson*, 334 N.W.2d 212 (N.D.1983), this court said that in order to be entitled to the equitable remedy of specific performance, the legal remedy of damages must be inadequate. In this case, the trial court said that the cost of the project to Kenmare was $208,217. The court further stated that Kenmare's engineer, Marjamaa, testified that the cost of blading and resealing the streets was $309,617 and the cost of milling and resealing the streets was $407,905. Nevertheless, the court did not award Kenmare damages, and instead ordered Wold to pay whatever amount was necessary for Kenmare to have the project redone. The trial court's order constituted specific performance and was improper because the remedy of damages was adequate.

Moreover, the trial court's remedy delegates the authority to make a decision on the amount of damages to a third party. Issues about the amount of damages are questions of fact [*Pfliger v. Peavey Co.*, 310 N.W.2d 742 (N.D.1981)], and Rule 52(a), N.D.R.Civ.P., specifically requires the trial court to find the facts. The trial court's delegation of authority was therefore improper.[2]

We conclude that the trial court erred in ordering Wold to pay an unspecified amount for Kenmare to have the streets redone. We reverse that part of the judgment, and we remand for a determination of damage sustained by Kenmare. In doing so, we do not foreclose the trial court from permitting a hearing with additional testimony.

In its appeal, Kenmare contends that because the trial court found that the project was inadequate and must be corrected, the trial court erred in determining that Bechtold was entitled to the balance due under the contract. Bechtold responds that it followed Wold's specifications and was entitled to be compensated for the balance due, notwithstanding any dispute between Wold and Kenmare.

The construction contract provided:

"27.1 The ENGINEER shall act as the OWNER'S representative during the construction period. He shall decide questions which may arise as to quality and acceptability of materials furnished and WORK performed. He shall interpret the intent of the CONTRACT DOCUMENTS in a fair and unbiased manner. The ENGINEER will make visits to the site and determine if the WORK is proceeding in accordance with the CONTRACT DOCUMENTS."

Wold's contract with Kenmare provided: "During the Construction Phase ENGINEER shall:

\*      \*      \*      \*      \*      \*

"1.6.4.   Issue all instructions of OWNER to Contractor(s); issue necessary interpretations and clarifications of the Contract Documents and in connection therewith prepare change orders as required; have authority, as OWNER'S representative, to require special inspection or testing of the work; act as initial interpreter of the requirements of the Contract Documents and judge of the acceptability of the work thereunder and make decisions on all claims of OWNER and Contractor(s) relating to the acceptability of the work or the interpretation of the requirements of the Contract Documents pertaining to the execution and progress of the work;   ..."

On July 15, 1985, Wold executed a "Final Inspection And Acceptance" of the project, certifying "that the construction has been performed in accordance with the plans, specifications, approved change orders, and terms of the contract" and giving "approval of acceptance of the work constructed under the conditions and guarantee of the contract."

---

2.  We note that, in a different context, we have condemned the improper delegation of judicial decisionmaking to a probation officer in the sentencing aspect of a criminal case. See *State v. Nelson*, 417 N.W.2d 814 (N.D.1987); *State v. Saavedra*, 406 N.W.2d 667 (N.D.1987).

The trial court made the following determinations:

"Bechtold performed the contract according to the specifications of the contract and as directed by the engineer in the supervisory capacity of the engineer.

\* \* \* \* \* \*

"Complaints were made to Wold by Kenmare when construction was ongoing, but Wold ordered the project to go ahead and ultimately declared the project completed.

\* \* \* \* \* \*

"Bechtold did what Wold Engineering, P.C. (Wold) asked, and they are entitled to be compensated for all their work, notwithstanding that the work was inadequate because the inadequacy is not that of Bechtold. Bechtold was there to follow orders issued by Wold, and if Wold required less than the optimum, then it is the fault of Wold, not Bechtold. A contractor is entitled to rely on acceptance by the engineer."

A contractual provision which makes the engineer or other qualified person the sole judge of the quality and acceptability of work is valid and binding on the parties. *City of Granville v. Kovash, Inc.*, 118 N.W.2d 354 (N.D.1962). The engineer's approval of a contractor's work and manner of performance of a contract and the owner's approval of the project is final and conclusive on the parties in the absence of a showing of fraud, collusion, concealment which prevented discovery of the contractor's failure to comply with the contract, or bad faith or failure to exercise honest judgment on the part of the engineer. *Id.;* see also, *Mayville–Portland School District No. 10 v. C.L. Linfoot Co.*, 261 N.W.2d 907 (N.D.1978) [contractor who follows specifications in contract is not liable for defects in specifications].

Wold, acting as Kenmare's agent, agreed to the changes in contract specifications and accepted the finished project with those changes. The contract specifically authorized Wold to make those decisions for Kenmare. Although an engineer is not an insurer of a contractor [*Three Affiliated Tribes v. Wold, supra* ], we agree with the district court's determination that Bechtold complied with Wold's specifications and directions and that Bechtold was entitled to payment because Wold approved and accepted the project.

The judgment is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

LEVINE and GIERKE, JJ., and VERNON R. PEDERSON and DOUGLAS B. HEEN, Surrogate Justices, concur.

VERNON R. PEDERSON and DOUGLAS B. HEEN, Surrogate Justices, sitting in place of ERICKSTAD, C.J., and MESCHKE, J., disqualified.