(109 N. W. 317.)

---

EMERSON-NEWTON IMPLEMENT CO., A CORPORATION, v. GEORGE CUPPS.

Opinion filed July 9, 1906.

**Guaranty — Giving New Security With Knowledge of Fraud Waives It and Affirms the Transaction.**

1. One who guarantees a contract, relying upon fraudulent representations as to facts concerning the same, and, after knowledge that such representations are false and fraudulent, voluntarily gives a note and mortgage to secure his liability, cannot thereafter allege fraud in the transaction as to the guaranty, as a defense to the note

and mortgage. The giving of the note and mortgage was an affirmance of the guaranty and a waiver of any fraud that might have inhered therein.

**Fraud — Execution of Mortgage — Evidence.**

2. Evidence examined, and *held* not to show fraud in the giving of the note and mortgage.

Appeal from District Court, Foster county; *Burke, J.*

Action by the Emerson-Newton Implement Company against George Cupps. Judgment for defendant, and plaintiff appeals.

Reversed, and judgment ordered for plaintiff.

*T. F. McCue,* for appellant.

The statement that the signing of a contract is a mere matter of form, and will entail no bother, is a mere expression of opinion and does not amount to fraud. Heyrick v. Surerns, 9 N. D. 28, 81 N. W. 36. Merritt v. Dufur et al. 68 N. W. 553; Rendell v Scott, 11 Pac. 779; Scrogin v. Wood, 54 N. W. 437; Nat'l Bank of Claybourne v. Carper, 67 S. W. 188; First Nat'l Bank v. Foot, 42 Pac. 205; Dearbourne Nat'l Bank v. Seymour, 73 N. W. 724; Mead v. Pettigrew, 78 N. W. 945; Kennedy v. Bank, 7 Neb. 59 Failure of consideration is waived by giving new note to settle pending litigation on original claim. Keys v. Man, 19 N. W. 666; Keefe v. Vogle, 36 Iowa 87. Giving a new note with full knowledge of all facts affecting an original transaction, and claimed to be fraudulent, waives the fraud. Wylie v. Gamble, 55 N. W. 377; Western Electric Co. v. Hart, 61 N. W. 867.

*Hooker & White,* for respondent.

An agent soliciting one to become a surety for the benefit of his principal, should advise such surety fully, fairly and honestly as to the liability that he is assuming, and act in the utmost good faith. Page v. Krekey, 137 N. Y. 307, 21 L. R. A. 409; Franklin Bank v. Cooper, 36 Me. 179, 39 Me. 542; Harrison v. Lumber & M. Ins. Co. 8 Mo. App. 37; Sooy v. State, 39 N. J. L. 135.

Failure to do so excuses surety from liability. Remington Sewing Machine Co. v. Kejerte, 49 Wis. 409, 5 N. W. 809; Frisch v. Miller, 5 Pa. St. 310; Warren v. Branch, 15 W. Va. 21; Smith v. Josselyn, 40 Ohio St. 409; Smith v. Bank of Scotland, 1 Dow. 272; Guardman F. & L. Co. v. Thompson, 9 Pac. 1.

Weakness, illiteracy and the fact that the contract was one of suretyship will be considered on the issue of fraud. Causey v. Wiley, 27 Ga. 444.

MORGAN, C. J. This is an action to foreclose a chattel mortgage upon personal property. The answer alleges that the mortgage and the note secured by it were signed and delivered in reliance upon representations made by the plaintiff through its agent, which proved to be fraudulent. There was a trial to the court under section 5630, Rev. Codes 1899. Findings of fact and conclusions of law were made in defendant's favor upon the issue of fraud, and the note and mortgage were adjudged null and void. Plaintiff has appealed from the judgment, and requests a review of the entire case, under said section 5630.

The facts in regard to the execution of the note and mortgage are as follows: In the spring of 1902, the firm of Brown & Jennings made a contract with the plaintiff, whereby said firm was to become the plaintiff's local agents for the sale of its machinery at McHenry, N. D. It was necessary for Brown & Jennings to secure a guarantor for the faithful performance of the contract before the plaintiff would finally consummate the contract. The plaintiff's agent, Redmon, and Brown, one of the agents, .called upon the defendant to secure his guaranty. The defendant was asked to become a guarantor for these agents. The defendant signed the contract of guaranty. The contract is not in evidence, nor are its terms given with any definiteness. About March. 1903, the plaintiff was attempting without success to make the defendant pay the liabilities of Brown & Jennings to the plaintiff. About the same time the defendant was negotiating for a loan upon his land, when an attachment was levied upon defendant's property by one of plaintiff's collecting agents on behalf of the company, and a notice of lis pendens was also filed in the office of the register of deeds of the county. The effect of filing the attachment and lis pendens was that the loan company would not make the loan until the lis pendens was released. Further negotiations with Redmon and the collecting agent with defendant resulted in the discharge of the lis pendens and the giving of the note and chattel mortgage in suit, for the sum of $817.20. Whether false and fraudulent representations were made by plaintiff's agents to induce defendant to sign the note and mortgage is the material question of fact to be determined on this appeal. There

is much evidence in the record as to what transpired before the guaranty was given by defendant, for the faithful performance of the contract by Brown & Jennings. We do not consider this evidence of sufficient materiality on the present issue to warrant any consideration of it. The guaranty was superseded by the note and mortgage, and is now of no importance unless something transpired before or at the time it was given that has a bearing upon the giving of the note and mortgage. Whether there was fraud in the original transaction, we do not pass upon, as the fact is of no materiality in view of the fact that defendant after discovery of what he claims to have been fraudulent representations did not promptly repudiate the guaranty contract. In place of doing this he confirmed its validity by adjusting the amount of his liability under said contract and giving security for the payment of the amount agreed on as due upon the guaranty. He did this without complaint or objection or duress, and did not make any contention at the time of giving the note and mortgage that he had been induced to sign the contract under misrepresentation of material facts. By freely giving the mortgage in suit it is clear to us that he waived the fraud, if any, that entered into the original transaction. He had the same knowledge of the facts that preceded the giving of the guaranty when he gave the note and mortgage as he had when this suit was commenced. As bearing upon the question of the waiver of a contract claimed to be fraudulent, by acquiescing in the same and entering upon a new contract based upon the former consideration, see Story on Eq. Juris. section 203a; Wylie v. Gamble (Mich.) 55 N. W. 377; Kingman v. Stoddard, 85 Fed. 740, 29 C. C. A. 413; Fitzpatrick v. Flannagan, 106 U. S. 648, 1 Sup. Ct. 369, 27 L. Ed. 211; Cornell v. Crane (Mich.) 71 N. W. 878; Western El. Co. v. Hart (Mich.) 61 N. W. 867; Morgan v. Nowlin (Mich.) 85 N. W. 468.

It is urged that the defendant did not waive any fraud that might have entered into the giving of the guaranty contract, for the reason that the note and mortgage were given under duress. The duress alleged consists in defendant's strained financial circumstances, under which it was necessary for him to raise money by a loan and that plaintiff's act in filing a lis pendens against his land would prevent making the loan, and that this fact constituted duress. There must be something more than financial

distress coupled with legal proceedings by a creditor to collect his debt before a case of duress is made out. The record does not disclose anything unlawful in the proceedings by the plaintiff to collect its debt from the defendant. There was no unlawful detention of plaintiff's property so far as the record shows. If there was any fraud in the transaction, defendant should have defended the proceedings to collect the debt by attachment and not having done so, cannot urge the defense now.

It is, however, urged that the plaintiff induced the defendant to give the note and mortgage on which this suit is based through fraudulent misrepresentations of material facts, just before they were given. It is claimed that plaintiff represented that it had in its possession over $2,000 worth of notes which it held as security for the payment of defendant's debt, for which the note and mortgage were given, and that defendant would be perfectly safe in signing the note and mortgage as he would lose nothing thereby, and that such papers would be turned over to defendant if he signed the note and mortgage. The defendant testified that he signed the note after the positive statement had been made by plaintiff that the indebtedness of Brown & Jennings was secured by notes in its hand, and that the sum total of such notes amounted to about $2,500. Conceding that such statements were made, there is no proof whatever that they were false or fraudulent. It is not shown that collaterals of that amount were not held by plaintiff when the note and mortgage were given. The defendant's attorney demanded that such notes be turned over to him for collection soon after the note and mortgage in suit were given. Notes to the amount of $200 were turned over pursuant to the request. The matter was dropped then without further demand for other notes. The attorney's request to turn over the notes did not specify any particular notes to be turned over, nor did it specify that notes of any particular aggregate amount were to be turned over. The letter of the plaintiff transmitting the notes to the attorney did not state that those sent were all the notes that it held as collateral to the indebtedness of Brown & Jennings. The result is that there is no proof that plaintiff made any false statements before the note and mortgage were signed. Hence no fraud or concealment or the making of fraudulent representations is proven. The note and mortgage were not therefore void at their inception. The only issue raised by the answer is that plaintiff's

fraudulent representations rendered the note and mortgage void. Neither pleadings nor proof will sustain a judgment for damages on account of a breach of contract.

The judgment is reversed, and the district court directed to enter judgment in favor of the plaintiff for the amount claimed. All concur.