OLOF OLSON, Eva M. Olson, and Edward B. Olson, Appellants, v. UNION CENTRAL LIFE INSURANCE COMPANY, Eaton Loan Agency, and First State Bank of Kulm, Corporations. UNION CENTRAL LIFE INSURANCE COMPANY and Eaton Loan Agency, Corporations, Respondents.

(225 N. W. 124.)

Opinion filed April 13, 1929.   Rehearing denied May 3, 1929.

*Robert A. Eaton,* for appellants.

*Holt & Frame* and *Lawrence, Murphy & Nilles,* for respondent.

NUESSLE, J. This action was brought to set aside a foreclosure by advertisement; to cancel and avoid the notes and mortgage securing the same on which the foreclosure was predicated; and to recover on account of payments claimed to have been wrongfully exacted.

The facts are substantially as follows: The defendant, Union Central Life Insurance Company, has for many years loaned money on farm lands in North Dakota. Eaton & Eaton are a copartnership having their principal place of business at Fargo. For a long time they have represented the insurance company in placing and looking after loans in the southern part of the state. The defendant, Eaton Loan Agency, is a close corporation organized for the purpose of holding securities belonging to Eaton & Eaton.

In October, 1921, the plaintiffs were desirous of placing a loan on their farm. They made application to the defendant insurance company through Eaton & Eaton for such a loan. This application was taken by Foster Paige an employee of Eaton & Eaton through the defendant, First State Bank of Kulm. The application was for a loan of $7,000 payable on the amortization plan through a period of twenty years. The rate of interest was to be 7 per cent. Eaton & Eaton under the arrangement made with the plaintiffs were to receive from the plaintiffs a commission of 1½ per cent on the face of the loan reckoned

through a period of ten years, or in all $1050. This was to be paid: $175.00 cash and $87.50 per annum through a period of ten years, the deferred commission to be secured by a second mortgage on the real estate security. The insurance company approved the application and accepted the loan. The plaintiffs' security was subject to certain liens which had to be paid off. Eaton & Eaton attended to these matters and other details necessary to getting the loan in shape acceptable to the insurance company. The plaintiffs executed the requisite notes and first mortgage to the company and the commission notes and mortgage. The latter were executed to the holding company, Eaton Loan Agency. The Eatons deducted the various items that they had paid in closing up the loan, deducted the $175 which they claimed as cash commission from the plaintiffs, and remitted the balance of the proceeds of the loan to the First State Bank of Kulm, which turned it over to the plaintiffs. Foster Paige went to Kulm at the time the notes and mortgages were executed and presented the papers to the plaintiffs for signature. They were executed in the bank at Kulm. In addition to the notes and mortgage to the insurance company and to Eaton & Eaton, Paige procured the plaintiffs to sign two notes for $175 each, payable in one and two years to the order of the Kulm bank. These purported to be for a commission of 5 per cent on the face of the loan. Subsequently the bank paid Paige $175 or half the amount of these two notes. There is some conflict in the evidence touching this part of the transaction. Paige testifies that he explained that these two notes were for the bank's commission and that the plaintiffs fully understood the matter at the time they signed them. The plaintiffs deny this, saying that they did not understand they were to pay any such commission. In any event, in 1922 when the first of these two notes fell due, the plaintiffs demanded an explanation concerning the same from the bank and the banker told them what the notes were for. Thereupon the plaintiffs made a partial payment and included the balance in a settlement which they made on account of other indebtedness to the bank. It is clear that Eaton & Eaton had no knowledge of the taking by Paige and the bank of the two $175 notes and that they received no part of the proceeds thereof. The money paid by the bank to Paige was retained by him as his own, and later when Eaton & Eaton discovered that Paige had been following this

practice in this and other cases, they discharged him and advised the makers of the notes that so far as Eaton & Eaton were concerned the notes were taken without authority and need not be paid. It further appears that Eaton & Eaton received a commission not only from the plaintiffs but also a cash commission from the defendant insurance company of $4\frac{1}{2}$ per cent of the face of the loan. Thus they received a commission both from the lender and the borrower. During the process of putting this loan through and thereafter, Eaton & Eaton wrote to the plaintiffs respecting the matter at various times. They used their business letterheads in doing so. These letterheads, printed in heavy black type, read: "Loan Agency of The Union Central Life Insurance Company, Eaton & Eaton, Financial Correspondents." During the years following the making of the loan the plaintiffs did not prosper in their farming operations. Interest on their mortgage indebtedness was defaulted and they did not pay their taxes. Neither did they pay the commission notes as they fell due. In the fall of 1924 the defendant, Eaton Loan Agency, to whom the Eaton & Eaton commission mortgage ran, began a foreclosure of this mortgage for the full amount of the indebtedness, having declared the whole thereof due and payable by reason of the defaults. The land was sold at foreclosure sale on November 10, 1924, to the Eaton Loan Agency for the amount of the mortgage debt and costs. On November 12, the certificate of sale was assigned to the defendant life insurance company which was the owner of the same at the time this action was begun. Sheriff's deed was issued to the company on November 10, 1925.

In September 1925 the plaintiffs began the instant action to set aside the foreclosure sale and avoid and cancel the commission notes and mortgage. They also sought a recovery from the defendants of the cash commission of $175 paid to Eaton & Eaton and of $350, the amount of the notes executed to the Kulm bank and to Paige. They further sought to set aside the first mortgage to the defendant life insurance company. In that behalf they tendered an offer of judgment against themselves as for money had and received for the amount paid to and received by them from the defendant life insurance company on account of the loan transaction. Apparently, however, they have abandoned the attempt to set aside the first mortgage. The theory of the action is that the whole transaction was fraudulent as against the plain-

tiffs for the reason that Eaton & Eaton in fact sought to act and did act as the agents, both of the plaintiffs and of the defendant insurance company, and that therefore everything done by them in furthering the transaction was void.

It appears that numerous suits of the same character as the instant case were begun against the Eaton Loan Agency and the Union Central Life Insurance Company. Several of these were on the calendar for trial at the same term the instant case was noted. Among these was a case known as the Diehl case. This was a partition action in which the Eaton Loan Agency was a party defendant. The Loan Agency set up a counterclaim and asked for the foreclosure of a commission mortgage held by it. The foreclosure was resisted on the grounds of fraud and lack of consideration. The Diehl case was tried first. At the conclusion of that trial counsel in the instant case entered into a stipulation as follows:

"It is to be stipulated informally in those two cases (the instant case and a similar one) that the determination of the questions of fact and of law, upon the question of double agency, as involved in the Diehl case which has just been tried, shall be adopted into those two cases, as far as it is involved. In other words, that in those cases the questions of both fact and law, concerning the double agency of the Eatons, shall be adopted bodily into them for whatever effect it may have; but the remaining issues in those cases stand for trial in the regular way, to be brought on at the (court's) convenience. . . . It is now further stipulated that this statement and the record as now made shall be entitled in all of the cases that have been mentioned by number, as appearing on the trial calendar, and that it shall constitute a stipulation made by the parties in open court as applicable to all of such cases."

In the Diehl case the trial court found:

". . . That in making said loan Eaton & Eaton and said Eaton Loan Agency stated and represented to plaintiff and said Alfred Diehl and Frances Diehl, that they were acting as agents for said borrowers and acting in the interest of said borrowers and as the agents of said borrowers. That in truth and in fact the said Eaton & Eaton and said Eaton Loan Agency, during all the said negotiations, were acting in the interest of the Union Central Life Insurance Company, the lenders

of said money, and that the Union Central Life Insurance Company paid the said Eaton & Eaton compensation for said services so performed for said Union Central Life Insurance Company in the making of a loan from said Union Central Life Insurance Company to said borrowers, and that said compensation was paid in addition to the compensation paid to said persons by these plaintiffs, and which compensation is represented in part by the notes and mortgages set out in the separate answer and counterclaim of the defendant, Eaton Loan Agency, herein. That during all of the times and throughout the transactions alleged as aforesaid, said plaintiffs, Alfred E. Diehl and Frances Diehl, had no knowledge that said Eaton & Eaton were employed by, and were acting as agents for and were paid compensation by the said Union Central Life Insurance Company. That of said notes and mortgages so given by said plaintiff and Alfred E. Diehl to said Eaton Loan Agency and Eaton & Eaton as compensation for such services, said Alfred E. Diehl and this plaintiff paid to said Eaton Loan Agency and Eaton & Eaton the sum of $275 which was in the form of a demand note secured by said mortgage, and which sum of $275 was paid in cash by said plaintiff and said Alfred E. Diehl to said Eaton Loan Agency.

"That said notes and mortgages set out in the counterclaim of the defendant, Eaton Loan Agency, were without lawful consideration, and are null and void. That said Eaton & Eaton received as compensation for their services therein, money from said Union Central Life Insurance Company, and were, in said transaction, acting as the agents and representatives of said Union Central Life Insurance Company, and did conceal from said borrowers the fact that they were acting as agent of said Union Central Life Insurance Company in said transaction and were receiving compensation from said Union Central Life Insurance Company therefor. That said borrowers in appointing said Eaton Loan Agency as their agent in said transaction believed that said Eaton Loan Agency intended in good faith to act therein as the agent of said borrowers, and did not know that said Eaton & Eaton and said Eaton Loan Agency were in fact acting therein as the agents of said lender and receiving compensation from said lender for their services therein. That by reason thereof the note and mortgage set out in said counter-claim of defendant, Eaton Loan Agency, was without

consideration, contrary to public policy, and null and void, and that said Eaton Loan Agency is not entitled to recover thereunder. . . ."

On the trial of the instant case the stipulation above referred to and the findings of fact, conclusions of law and order for judgment in the Diehl case were offered and received in evidence without objection.

In the instant case the trial court found for the defendants, the Union Central Life Insurance Company and the Eaton Loan Agency, and judgment was entered accordingly. Though the court indicated that he would make findings and order judgment in favor of the plaintiffs and against the defendant, First State Bank of Kulm, apparently no such findings were made or judgment entered. The plaintiffs perfected this appeal from the judgment as entered in favor of the life insurance company and the loan agency. They demand a trial de novo in this court.

The first contention on the part of the plaintiffs is that in acting in the loan transaction Eaton & Eaton attempted to act as the agent of both the plaintiffs and the Union Central Life Insurance Company; that this was done without the knowledge and consent of the plaintiffs; that it was a fraud upon them; that it was contrary to public policy, and anything that might have been done in that behalf was therefore void; that accordingly the commission mortgage executed by the plaintiffs and on which the foreclosure heretofore referred to was based, was wholly void and unenforceable; that as a consequence the foreclosure was void and the court must now declare the invalidity of the whole transaction. On the other hand, the defendants contend that conceding the dual agency and conceding that such agency worked a fraud upon the plaintiffs, nevertheless the transaction was not void but merely voidable; that the plaintiffs subsequently acquired knowledge of the real facts in the matter; that they had the option of either waiving the fraud and affirming the transaction, in which case the same would become at once binding and effective against them, or of avoiding the same; that though they subsequently learned of the fraud or facts which should have put them upon notice thereof, they did not avoid the transaction but permitted the mortgage to be foreclosed, the sale to be made, and the certificate to be issued and assigned, without raising their voices in protest or offering any defense; that the fore-

closure by advertisement was as effective and final against the plaintiffs as a judgment in an action to foreclose and a sale on execution thereunder would have been, and cannot now be attacked in an independent action.

In view of the contentions thus advanced by the respective parties, it becomes necessary, first to consider the effect of the stipulation respecting the Diehl case. The question is to what extent the matters of law and fact concerning and resulting from the double agency of the Eatons as determined in the Diehl case, shall be adopted in the instant case. The stipulation is that "the determination of the questions of fact and of law upon the questions of double agency as involved in the Diehl case, . . . shall be adopted . . . as far as it is involved. In other words, . . . the questions of both fact and law, concerning the double agency of the Eatons, shall be adopted bodily . . . for whatever effect it may have; but the remaining issues . . . stand for trial in the regular way." Now in the Diehl case the court found that there was a double agency and held that the note and mortgage given by the Diehls to the Eaton Loan Agency was therefore without consideration, contrary to public policy, and null and void. After a careful consideration of the stipulation in the light of such facts as we have been able to gather from the record regarding the Diehl matter, we are forced to the conclusion that the stipulation requires a holding on this appeal that the agency of the Eatons was a double agency— that is, that the Eatons were acting simultaneously for the Union Central Life Insurance Company in loaning the money and for the plaintiffs in borrowing the money and received compensation from both, and that this was done without the knowledge or consent of the plaintiffs; that the legal effect of this double agency was to work a fraud upon the plaintiffs and to render the transaction as between them and the Eatons contrary to public policy, illegal and void. Regardless of the facts as we might find them from the record were we at liberty to do so, or the legal conclusions that we might draw from the same, the stipulation is binding upon us and requires us to adopt both the facts and the law with reference to the double agency as found and held in the Diehl case. Thus it follows that we must hold that the commission mortgage given by the plaintiffs to the Eatons was null and

void and therefore unenforceable rather than merely fraudulent and voidable. So the power of sale contained in this mortgage was wholly ineffective and whatsoever was done under it was without force and effect. The mortgage was foreclosed by the Eatons. The defendant Union Central Life Insurance Company is the assignee of the certificate of sale and took deed to the premises by virtue of the sale. The mortgage being illegal and void and the power of sale contained in it being likewise so, there could be and was no valid sale under it. The Eatons had nothing to assign and the insurance company obtained nothing when it purchased the sheriff's certificate, and gained nothing when it took deed to the premises under the same.

The plaintiffs also seek in this action to recover the sum of $175, the amount paid by them to Eaton & Eaton as a portion of the commission for the latter's services in procuring the loan. This payment was made in cash when the loan was closed. In accordance with the terms of the agreement under which Eaton & Eaton were acting, they retained it out of the moneys resulting from the first mortgage. The plaintiffs now seek to recover the amount of this payment. Since as between Eaton & Eaton and these plaintiffs the transaction was fraudulent, illegal and void because of the dual agency, it follows that there was no consideration for the payment. The plaintiffs therefore are entitled to recover from Eaton & Eaton the amount thus paid by them together with interest thereon from the date of such payment. With respect to the defendant, Union Central Life Insurance Company, the situation is different. They did not receive the money paid by the plaintiffs to the Eatons nor any part of it. Nor did they benefit by this payment. As against them, therefore, the plaintiffs can have no recovery on account thereof.

There remains then the question as to whether the court erred in holding that the plaintiffs were not entitled to recover against the defendants, the insurance company and the Eaton Loan Agency, on account of the notes aggregating $350.00 given to Foster Paige and the Kulm State Bank. Clearly this part of the transaction was something concerning which these defendants had no knowledge, nor was there anything which should have put them upon notice thereof. What Foster Paige did with reference to this matter was in his own interest

and in the interest of the Kulm State Bank. The insurance company and the loan agency were not parties to the taking of these notes. They had no share in the fruits of this portion of the transaction. As to them the taking was adverse and in bad faith. Though Foster Paige was employed by the loan agency, what he did in this respect was beyond his authority. The loan agency secured no benefit as a result of it and when apprised of what he had done repudiated his action and discharged him. The insurance company had no notice of his acts in this regard. In fact the plaintiffs' signed statement expressly represented to the company that no payment was made by them on account of the loan transaction other than the payment of the commission to Eaton & Eaton. Furthermore, these notes were made payable to the Kulm State Bank. The plaintiffs were advised when they signed the same as to just what they were and what they were for, and even though this were not the case, subsequently, when they unquestionably were fully informed in the matter they paid the same to the Kulm State Bank or renewed them in other paper. If there was any fraud in this connection, and we do not think there was, the same was thereby waived. See Emerson-Newton Implement Co. v. Cupps, 15 N. D. 606, 108 N. W. 798; Merchants Nat. Bank v. Reiland, 51 N. D. 287, 199 N. W. 945.

We therefore hold, consistent with what we have said above, that the first mortgage made, executed and delivered by the plaintiffs to the Union Central Life Insurance Company, dated October 29, 1921, and securing the payment of $7,000 and interest, is a valid first mortgage on the premises involved in this action; that the commission mortgage, executed and delivered by the plaintiffs to Eaton & Eaton covering the premises involved in this action, and the certificate of mortgage sale made upon the foreclosure thereof, and the sheriff's deed issued to the premises pursuant thereto, are illegal, void and of no effect, and that title to said premises must be quieted in the plaintiffs as against the same; that the plaintiffs are entitled to recover of and from the defendants, Eaton & Eaton, the sum of $175 and interest thereon at the legal rate from and after the 2nd day of November, 1923; that the plaintiffs are not entitled to recover against the defendants, Union Central Life Insurance Company or Eaton & Eaton on account of the notes executed

and delivered by them to Foster Paige and the Kulm State Bank in the aggregate sum of $350.00. Judgment will be entered accordingly. It is so ordered.

BURKE, Ch. J., and BURR, BIRDZELL and CHRISTIANSON, JJ., concur.