**G.L. NESS AGENCY, Plaintiff and Appellee,**

v.

**William WOELL, Defendant and Appellant.**

**Civ. No. 10334.**

Supreme Court of North Dakota.

June 24, 1983.

Wegner, Fraase, Nordeng & Johnson, Fargo, for plaintiff and appellee; submitted on briefs.

Schneider, Schneider & Schneider, Fargo, for defendant and appellant; submitted on briefs.

SAND, Justice.

William Woell (Woell) appealed from a district court judgment in favor of the plaintiff, G.L. Ness Agency (Ness Agency), in the amount of $3,024.76 plus interest in the amount of $353.45, and costs and disbursements in the amount of $55.00, for a total judgment of $3,433.21.

Ness Agency initiated an action against Woell for $3,024.76 for advertising services allegedly rendered during August and September 1980 to market a product developed by Woell and known by its trade name as a "supportable." [1]

Woell answered and denied owing Ness Agency the money because (1) Ness Agency failed to make the timely placement of an advertisement in the November (holiday) issue of the magazine *Fine Woodworking;* (2) Woell's payment to Ness Agency was conditioned upon production of a usable product (advertising package) which Ness Agency failed to provide; and (3) Ness Agency failed to provide a statement showing the tangible, usable products produced by them or a detailed description of the hours expended.

Woell also counterclaimed and alleged that he and Ness Agency entered into an oral agreement in which Ness Agency promised to produce an advertisement to meet a deadline to be published in the November issue of *Fine Woodworking,* and that Ness Agency did not meet that deadline, thereby causing him to lose profits of $20,000.00.

After a trial to the court, the court entered findings of fact, conclusions of law, and order for judgment in which it found that Ness Agency contacted Woell in July 1980 for advertising work to market the "supportable"; that advertising work was performed and Woell was billed on the basis of $28.00 per hour; that Ness Agency sent Woell a bill for July 1980 services in the amount of $437.76, which was paid by Woell after Ness Agency informed him the services performed were billed on an hourly basis; that Woell wanted advertising in the November 1980 issue of *Fine Woodworking* magazine so as to reach Christmas buyers; that the deadline for getting an advertisement in the November 1980 issue was 26 August 1980; that Ness Agency made Woell aware of the deadline; that Ness

Agency began working on an "advertising package" including the *Fine Woodworking* advertisement, and performed eighty percent of the work needed for the advertising package; that Woell would not approve the advertising package, and because he did not approve the advertising package, there was no way of meeting the deadline for the advertising in the November *Fine Woodworking* magazine; that certain brochures and photographic work were done in August and September by Ness Agency for the advertising package; that the bill for the work done by Ness Agency in August and September was $3,024.76; that Woell did not express dissatisfaction with Ness Agency's work until the first part of October 1980, when he rejected a $12,000.00 advertising package because "he did not want to jump in with both feet"; that Woell's contention that he rejected the $12,000.00 advertising package but not the advertising for *Fine Woodworking* was untenable because that advertising was the major portion of the package; that the 25 August deadline was missed because Woell would not approve the advertising package; and that Woell's contention that the work was on a contingent fee basis and he would pay for the work only if it was satisfactory to him was not supported by the evidence because the only evidence of that agreement was the testimony of Woell, which the court found lacking in credibility.

Based on these findings of fact, the trial court concluded that an oral contract existed between Ness Agency and Woell entitling Ness Agency to damages in the amount of $3,024.76, plus interest and costs and disbursements.

Woell appealed and raised the following issue:

"Was the District Court 'clearly erroneous' within the meaning of Rule 52 of the North Dakota Rules of Civil Procedure in finding and concluding that 'there was

---

1. The trial court described the "supportable" as follows: It consists of a table with four legs adjustable in height. The top of the table has a series of cylindrical metal rollers. The table is portable in that it folds up and can be carried. The Supportable is used in woodworking in that a board can be handled on the rollers in sawing or other woodworking operations. The rollers would make it easier to slide boards for a person working alone.

adequate and sufficient consideration to support the contract' and the 'services of the plaintiff under the terms of the contract were satisfactory and without defect.' "

In reviewing the findings of fact of the trial court, we apply Rule 52(a), North Dakota Rules of Civil Procedure. In applying Rule 52(a), findings of fact will not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. *Wilhelm v. Berger,* 297 N.W.2d 776 (N.D.1980).

The evidence and testimony presented at trial supports the trial court's findings of fact, and therefore they are not clearly erroneous. Particularly significant to the contentions raised by Woell is the trial court's finding that Ness Agency agreed to provide an entire *advertising package.* Further, the trial court found that eighty percent of the *advertising package* was completed in a workmanlike manner. These findings of fact support the conclusion that an oral contract for an entire advertising package was entered into between Woell and Ness Agency. The findings of fact support the conclusion of law that Ness Agency, as a result of the oral contract, was entitled to a judgment against Woell in the amount of $3,024.76, plus interest and costs and disbursements.

The judgment is affirmed.

ERICKSTAD, C.J., and VANDEWALLE, PEDERSON and PAULSON, JJ., concur.