Helen ZAJAC, individually and on behalf of H & R Enterprises, Inc., H & R Enterprises, Inc., and Raymond P. Zajac, Plaintiffs and Appellees,

v.

GREAT AMERICAN INSURANCE COMPANIES, Defendant and Appellant.

Civ. No. 11389.

Supreme Court of North Dakota.

July 28, 1987.

Thomas A. Dickson, of Lundberg, Nodland, Lucas & Schulz, Bismarck, for plaintiffs and appellees.

Wickham Corwin, of Conmy, Feste, Bossart, Hubbard & Corwin, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Great American Insurance Companies appealed from an amended district court judgment granting H & R Enterprises, Inc., and Raymond P. Zajac recovery under the terms of an insurance policy with it. We affirm.

On May 5, 1983, a fire destroyed the Green Acres apartment building in Lidgerwood and, as a result, Kenneth Hansen, Christopher Terlecky, and Clayton Runck, Jr., were convicted of arson. Zajac was also charged with arson but was acquitted. At the time of the fire, the apartment building was owned by H & R Enterprises [1] and was insured by Great American. H & R Enterprises filed a proof of loss with Great American claiming $236,000 plus lost rents under the terms of the policy. Great American asserted that Zajac was a party to the arson and denied coverage.

H & R Enterprises and Zajac [2] then commenced this action seeking recovery under the terms of the insurance policy. After a bench trial, the trial court found that Great American had failed to establish that Zajac was involved in the arson and ordered recovery under the policy limits of $235,900 plus interest from May 5, 1983. An amended judgment was entered in the amount of $284,300.73.

On appeal Great American contends that the trial court's finding that Zajac was not involved in the arson was clearly erroneous. Great American concedes that it has the burden to prove the defense of arson and that, absent proof that Zajac was involved in the arson, mere evidence that the fire was incendiary is insufficient to establish that defense. However, Great American asserts that evidence that the fire was incendiary coupled with financial motive is sufficient to create an inference of arson, and in this case the circumstantial evidence of Zajac's financial condition and the documentation of long-distance telephone calls between Zajac and Runck leads to the inescapable conclusion that Zajac was involved in the arson. Thus Great American contends that it was clear error for the trial court to avoid drawing that inference.

Great American initially argues that the trial court's decision demonstrates an erroneous view of the law pertaining to proof of arson through circumstantial evidence. Great American contends that a motive for arson exists any time the insured stands to financially benefit from the destruction of the property and asserts that the trial court "perceived the necessity for a much greater showing in order to establish financial motive."

In its memorandum opinion the trial court states:

"The defendants claim that a motive in the form of financial disaster has been shown with such clarity that it is unmistakable and constitutes the second step.

---

1. Raymond Zajac owned 75 shares of H & R Enterprises and his wife, Helen, owned the remaining 25 shares.

2. The action was originally commenced by H & R Enterprises and Raymond and Helen Zajac. Although the trial court dismissed Helen as a plaintiff the record on appeal was certified to us with Helen's name still appearing as a plaintiff.

The Court finds that although the plaintiff's financial condition was serious, it certainly was not disastrous. Mr. Zajac still had considerable equity in his property and had a father who was willing to extend his holdings and credit for the benefit of his son. Although times were lean and difficult, there was absolutely no showing of any chance of imminent loss of any major assets of Mr. Zajac."

While financial motive may support an inference of participation in arson, we do not believe the trial court's decision imposes an excessive burden of proof upon Great American. The trial court's statements must be read as a whole and within the context in which they were made. The trial court specifically stated that "the defendant must prove its defense [of arson] by the preponderance of evidence." We believe the trial court's statements, when read as a whole and in conjunction with its entire decision, merely describe its findings about Zajac's financial condition and do not impose an excessive burden of proof on Great American. We conclude that the trial court's statements do not demonstrate an erroneous conception of the law relating to the proof of arson.

Great American next argues that we should not give undue regard to the comments of the trial court regarding Zajac's apparent credibility in determining whether or not the trial court's findings of fact are clearly erroneous.

■ Our review of findings of fact is governed by the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P. A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been made. E.g., *Blowers v. Blowers*, 377 N.W.2d 127 (N.D.1985). We give due regard to the trial court's opportunity to judge the credibility of the witnesses and simply because we may have viewed the evidence differently if we had been the initial trier of the case, does not entitle us to reverse the lower court. E.g., *Edwards v. Thompson*, 336 N.W.2d 612 (N.D.1983). A choice between two permissible views of the weight of the evidence is not clearly erroneous. *Wilhelm v. Berger*, 297 N.W.2d 776 (N.D.1980).

■ The evidence presented at trial established that, at the direction of Runck, Hansen and Terlecky set fire to the Green Acres apartment building. The evidence implicating Zajac in the arson was circumstantial. We recognize, as have other courts, that direct proof of arson is seldom available and the insurer may use circumstantial evidence to support the inference that the insured set the fire or arranged to have it set. E.g., *DeMarais v. North Star Mut. Ins. Co.*, 405 N.W.2d 507 (Minn.App. 1987). Thus evidence of the fire's incendiary nature, combined with evidence of motive, is sufficient to support a jury's verdict that the insured caused the fire, and to outweigh any conflicting inference. *Id.*

■ However, Zajac testified that he took no part in the arson. He explained that although he was in debt, he was able to rely upon his father for financial backing. Zajac further testified that Runck and David Overboe had been business partners and that telephone conversations he had with Runck related solely to Runck's attempt to reduce a substantial debt owed by Overboe to Zajac. Neither party called Runck to testify at trial concerning the substance of those telephone calls. The trial court specifically found Zajac's testimony to be "truthful when he stated he took no part in arranging the fire" and that he would not "arrange a fire and perhaps cause the death of innocent persons" because "[h]e simply does not appear to be that type of person to the court." In this case there was circumstantial evidence and inferences which would support either of two permissible views regarding whether Zajac was involved in the arson. Because there were conflicting inferences to be drawn from the evidence adduced at trial and the trial court had the opportunity to judge the credibility of the witnesses, we are not left with a definite and firm conviction that the trial court erred in drawing the inference that Zajac did not participate in the arson. Accordingly, we conclude

that the trial court's finding of fact is not clearly erroneous.

Great American also argues that the trial court erred in excluding and not considering statements made by Runck during the course of the arson conspiracy which it asserts further established Zajac's complicity in the arson. Great American offered those statements under the co-conspirator exception to the hearsay rule. N.D.R.Ev. 801(d)(2).

In *State v. Lind,* 322 N.W.2d 826 (N.D.1982), we held that the proponent of such out-of-court declarations by a co-conspirator must establish by the preponderance of independent evidence (1) that a conspiracy existed, (2) that the defendant and the declarant were members of the conspiracy, and (3) that the declaration was made during the course and in furtherance of the conspiracy. In this case the trial court followed the procedure outlined in *State v. Lind, supra,* in conditionally allowing the statements into evidence and then, after all the evidence was heard, striking the testimony and not considering it in reaching its decision. While there is

some evidence from which an inference could be drawn that Zajac participated in the conspiracy, the court specifically found that the independent evidence was insufficient to establish that Zajac was a member of the arson conspiracy.[3] As a result, we conclude that the trial court did not err in not considering the testimony concerning Runck's out-of-court statements.

Great American also contends that Zajac's conduct is imputable to H & R Enterprises. However, because we have concluded that the trial court's finding that Zajac was not involved in the arson is not clearly erroneous, we need not consider that issue.

The district court judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

**3.** In *State v. Lind,* 322 N.W.2d 826 (N.D.1982), this court, agreeing with *United States v. Bell,* 573 F.2d 1040 (8th Cir.1978), indicated that evidence independent of the proposed hearsay evidence is required to establish the matters necessary to admit the hearsay evidence. At trial of this case, in reliance on *Lind,* all parties agreed that these matters must be established by independent evidence. That became the law of the case. See, e.g., *Benedict v. St. Luke's Hospital,* 365 N.W.2d 499 (N.D.1985). Subsequent to trial of this case and briefing and oral argument in this court, the United States Supreme Court decided *Bourjaily v. United States,* — U.S. —, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987), holding that under Rule 801(d)(2)(E), of the Federal Rules of Evidence, upon which North Dakota Rule of Evidence 801(d)(2)(v) is predicated, the hearsay statements of the declarant may be considered to determine the preliminary facts for admissibility. Because the requirement of inde-

pendent evidence to determine the preliminary facts is the law of the case, we need not reach that issue. However, if the trial judge were to have considered those hearsay statements in determining the preliminary facts, it is far from clear that he would have concluded there was sufficient evidence of a conspiracy or, if he did so conclude, that he would have ultimately found that Zajac was responsible for having the fire set. Here the trial judge was not only the preliminary fact finder to determine the admissibility of the hearsay evidence, he was also the ultimate fact finder as to Zajac's participation in setting fire to the building. He thus heard the hearsay statements although he did not consider them in making his decision. Nevertheless it is apparent that he believed Zajac's testimony that he did not conspire with Runck to set the fire and that he would have arrived at no other conclusion even if the hearsay statements were considered in making his decision.