Alfred G. GILLMORE and Investors Management & Marketing, Inc., Plaintiffs and Appellants,

v.

Reginald MORELLI, a/k/a Reggie Morelli, Defendant and Appellee.

Civ. No. 900346.

Supreme Court of North Dakota.

June 25, 1991.

James E. Nostdahl of Pringle & Herigstad, Minot, for plaintiffs and appellants.

Garry A. Pearson of Pearson, Christensen & Fischer, Grand Forks, for defendant and appellee.

VANDE WALLE, Justice.

Alfred C. Gillmore and Investors Management & Marketing, Inc. [IMM] appealed from a judgment dismissing their action against Reginald Morelli for recovery of a real estate broker's commission and awarding Morelli $16,832 on his counterclaim. We affirm.

In September 1985 Morelli authorized Gillmore, a real estate broker for IMM, to procure a buyer for Morelli Distributing, Inc., and associated real property owned by Morelli and his wife. Although there was no written listing agreement, the parties do not dispute that Morelli agreed to pay Gillmore a broker's commission of 5% of the sales price to procure a ready, willing, and able buyer. Gillmore contacted Jeff Miller, the president of Coca–Cola Bottling Company of Minot [Coke], who indicated an interest in buying the property. The parties exchanged a number of offers, counteroffers, and other documents in August, September, and October of 1986. On November 3, 1986, Morelli decided not to sell the property and ended the negotiations.

Coke sued Morelli Distributing, Morelli, and his wife for specific performance, alleging that the defendants breached a contract for the purchase of the property. After a trial, the court found that the parties had not mutually agreed upon all of the details of the sale and concluded that there was not an enforceable agreement between Morelli and Coke. The court therefore refused to grant specific performance. No appeal was taken from that decision.

Gillmore and IMM then brought this action against Morelli for the 5% broker's commission, alleging that Gillmore's efforts procured a ready, willing, and able buyer for the property. Morelli answered, denying liability for the broker's commission. He also counterclaimed, alleging that Gillmore violated the real estate brokers code of ethics and breached his fiduciary duty to Morelli.[1] Morelli sought attorney's fees and costs incurred by him in defending the action for specific performance by Coke. The trial court granted summary judgment dismissal of the Gillmore's and IMM's claim for the broker's commission, concluding that there was no binding agreement for the sale of property because Coke was not "ready and willing to enter into a binding contract and did not, in fact, enter into a binding contract." We dismissed an appeal from that decision because Morelli's counterclaim had not been adjudicated and there was no Rule 54(b), N.D.R.Civ.P., certification. *Gillmore v. Morelli*, 425 N.W.2d 369 (N.D.1988).

After our dismissal of the appeal, the trial court held a bench trial on Morelli's counterclaim and found that Gillmore had breached his fiduciary duty to Morelli. The court found that the breach was the proximate cause of Coke believing that it had an agreement with Morelli to purchase the business and bringing an action for specific performance. However, the court also concluded that Morelli's conduct was a contributing factor in Coke bringing the action for specific performance and awarded Morelli sixty percent of his attorney's fees and costs in defending that action. A judgment for $16,832 was entered in favor of Morelli. The plaintiffs have appealed.

The dispositive issue in this appeal is whether Gillmore's conduct entitled the plaintiffs to a commission from Morelli.

A broker's duty to an employer is essentially the same fiduciary duty that an agent owes to a principal. *Sigurdson v. Lahr & Lahr, Inc.*, 299 N.W.2d 792 (N.D.1980); 12 Am.Jur.2d, Brokers § 30

---

1. Morelli alleged that Gillmore breached his fiduciary duty by:

"a. failing to advise the representatives of Coca–Cola Bottling Company of Minot that [Morelli], in signing and initialing an 'Offer to Purchase,' clearly intended, and had so communicated to the defendant Alfred Gillmore that said document was a written summary of the negotiations between the parties, and not a binding agreement to sell the assets and property identified therein;

"b. misrepresenting to [Morelli], on or about October 14, 1986, that Jeff Miller of the Coca–Cola Bottling Company of Minot had signed and initialled the 'Offer to Purchase,' and the handwritten changes contained on that document as of that date;

"c. failing to disclose to [Morelli] the close personal friendship between Jeff Miller and Alfred Gillmore; and,

"d. misleading [Morelli] into believing that Coca–Cola Bottling Company of Minot was aware that the 'Offer to Purchase' signed and initialled by [him] was not a binding contract between the parties for the sale of the assets and property identified therein.

"e. advising [Morelli] that the offer to purchase was not intended to be a contract and only in fact was to be a mere negotiating tool."

(1964). A broker is therefore obligated to fully disclose material facts which may affect a principal's interests. *Sigurdson, supra.* A broker's fiduciary duty to the principal prohibits the agent or broker from representing two parties with conflicting interests without the principal's prior consent, or subsequent ratification after full disclosure of all the facts. *Olson v. Union Central Life Ins. Co.,* 58 N.D. 176, 225 N.W. 124 (1929); *Anderson v. Anderson,* 293 Minn. 209, 197 N.W.2d 720 (1972); 12 Am.Jur.2d, Brokers § 87 (1964). A broker who represents both parties to a transaction is not entitled to a commission unless the broker is employed merely as a conduit to bring the two parties together. E.g., *Jensen v. Bowen,* 37 N.D. 352, 164 N.W. 4 (1917); *Anderson v. Anderson, supra;* 12 Am.Jur.2d, Brokers §§ 171, 173 (1964). That rule fosters public policy by preventing fraudulent conduct and requiring full disclosure to a principal. *Jensen, supra; Anderson, supra.* Whether or not a broker breaches a fiduciary duty to a principal is a question of fact. *Sigurdson, supra; Vasichek v. Thorsen,* 271 N.W.2d 555 (N.D.1978).

■ Our review of questions of fact is governed by the "clearly erroneous" standard of Rule 52(a), N.D.R.Civ.P. A finding of fact is clearly erroneous when, although there is some evidence to support it, a reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. *Miller Enterprises v. Dog N' Cat Pet Centers,* 447 N.W.2d 639 (N.D.1989). We give due regard to the trial court's opportunity to assess the credibility of the witnesses, and a choice between two permissible views of the evidence is not clearly erroneous. *Zajac v. Great American Insurance Companies,* 410 N.W.2d 155 (N.D.1987).

In this case, Morelli presented evidence that Gillmore, with the assistance of Coke's attorneys, drafted an offer to purchase Morelli's business which favored Coke and did not adequately protect Morelli's interests. According to Morelli, he informed Gillmore that the offer did not meet his conditions for the sale and Gillmore replied that the document was not a binding contract and was "just an offer" and a format for negotiations. Morelli testified that Gillmore told him he could call off negotiations at any time. However, there was evidence that Gillmore did not inform Coke about any conditions or limitations in the offer to purchase and that Gillmore led Coke to believe the offer was "the end of it all."

The trial court found[2] that the offer to purchase "drafted by Gillmore had substantial protection for [Coke], but puerile protection at best for Morelli." The court also found that Gillmore's conduct during his representation of Morelli was not exclusively for Morelli's benefit and that Gillmore "actively participated in counseling ... and in assisting [Coke] in setting a sales price" without advising Morelli that he was acting in a dual capacity. The court found that Gillmore's conduct throughout his representation of Morelli demonstrated a departure from the general rule requiring a broker's allegiance to a principal.

■ After reviewing the record and giving due regard to the trial court's opportu-

---

**2.** Gillmore and IMM argue that dismissal of their claim for the broker's commission by summary judgment was improper because there were genuine issues of material fact about whether or not they procured a ready, willing, and able buyer. As part of the record on the motion for summary judgment on the claim for the broker's commission, the parties submitted the record from Coke's action for specific performance against Morelli. In that procedural posture, there is authority for reviewing the district court's dismissal under Rule 52(a), N.D.R.Civ.P. *Brunsdale v. Bagge,* 224 N.W.2d 384 (N.D.1974). Nevertheless, because there was no Rule 54(b) certification of the judgment dismissing the claim for the broker's commission, that partial judgment was not conclusive until a final judgment disposing of all the claims was entered. *Gillmore v. Morelli,* 425 N.W.2d 369 (N.D.1988). Whether or not the claim for a broker's commission was properly decided by summary judgment is now immaterial because entitlement to the commission was effectively tried at the time of the trial on the counterclaim. As a result of the legal principles applicable to the counterclaim, judgment dismissing the claim for the broker's commission was proper. The interrelationship of the broker's commission with the broker's conduct in representing a principal in this case amply illustrates the rationale for our Rule 54(b), N.D.R.Civ.P., jurisprudence and why a Rule 54(b) certification of the judgment dismissing the claim for the commission was not appropriate. *Gillmore, supra.*

nity to assess the credibility of the witnesses, we are not left with a definite and firm conviction that the trial court made a mistake in finding that Gillmore was representing both Coke and Morelli and that Gillmore breached his fiduciary duty to Morelli. Those findings of fact are not clearly erroneous under Rule 52(a), N.D.R.Civ.P. The court therefore did not err in concluding that the plaintiffs were not entitled to a commission from Morelli.[3] *Jensen v. Bowen, supra; Anderson v. Anderson, supra.*

■ The trial court also found that Gillmore's conduct was a proximate cause of Coke concluding that it had a contract to purchase the property from Morelli and bringing an action for specific performance. We are not left with a definite and firm conviction that the trial court made a mistake in finding that Gillmore's conduct was the proximate cause of Coke bringing the action for specific performance. The trial court therefore did not err in concluding that Morelli was entitled to his attorney's fees and costs incurred in defending the action for specific performance by Coke.[4] *Blair v. Boulger,* 336 N.W.2d 337 (N.D.), *cert. denied,* 464 U.S. 995, 104 S.Ct. 491, 78 L.Ed.2d 685 (1983).

The district court judgment is affirmed.

ERICKSTAD, C.J., and LEVINE and GIERKE, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.

---

**3.** No issue has been raised about recovery of part of the commission under quantum meruit. See *Schmidt v. First National Bank & Trust Co.,* 453 N.W.2d 602 (N.D.1990); *Allied Realty, Inc. v. Boyer,* 302 N.W.2d 774 (N.D.1981).

**4.** Because of our resolution of this issue we need not consider the other issues raised by the parties, such as whether Gillmore procured a buyer who was "ready, able, and willing to accept and live up to terms offered by" Morelli [*Goetz v. Anderson,* 274 N.W.2d 175, 179

(N.D.1978)], or whether Gillmore forfeited his right to a commission because there was not a written listing agreement in violation of Sections 43–23–05 and 43–23–11.1, N.D.C.C., and Rule 70–02–03–04, N.D.A.C. See *Schmidt v. First National Bank & Trust Co., supra,* note 3. See also, *Milholin v. Vorhies,* 320 N.W.2d 552 (Iowa 1982). We observe, however, that one of the primary reasons for a written listing agreement is to prevent disputes such as those which arose in this case.