Stanley **ROMSOS** and Hazel Romsos, Plaintiffs and Appellants,

v.

Duane **SORBEN**, d.b.a. Duane's Pumping, Defendant and Appellee.

Civ. No. 910025.

Supreme Court of North Dakota.

Aug. 20, 1991.

James E. Nostdahl of Pringle & Herigstad, Minot, for plaintiffs and appellants; argued by Mark R. Hayes, law student.

Ross E. Olson, Bottineau, for defendant and appellee.

LEVINE, Justice.

Stanley and Hazel Romsos appeal from a district court judgment dismissing their property damage claim against Duane Sorben. We affirm.

The Romsoses live in rural Bottineau. On the evening of September 28, 1989, Ms. Romsos found the basement of her house flooded with raw sewage from the septic tank. Earlier that day, Duane Sorben, the owner of a septic tank service business, had pumped out the contents of the Romsos' septic tank. The Romsoses sued Sorben, claiming that Sorben damaged their property by negligently pumping the septic tank.

The case was tried to the court. The trial court found that the Romsoses did not prove that Sorben caused the damage to their property and ordered judgment dismissing the complaint. This appeal followed.

■ Proximate causation in a negligence action is a question of fact. *E.g. Priel v. R.E.D., Inc.*, 392 N.W.2d 65, 69 (N.D.1986). Accordingly, our review of the trial court's finding that Romsoses did not prove the element of causation is governed by the "clearly erroneous standard" of Rule 52(a), NDRCivP. *Foremost Ins. Co. v. Rollohome Corp.*, 221 N.W.2d 722, 728 (N.D.1974). A finding of fact is clearly erroneous when, although there is some evidence to support it, a reviewing court, on the entire record, is left with a definite and firm conviction that a mistake has been made. *Gillmore v. Morelli*, 472 N.W.2d 738 (N.D.1991). We will not reexamine findings of fact made by the trier of fact upon conflicting evidence, *Hall GMC, Inc. v. Crane Carrier Co.*, 332 N.W.2d 54, 60 (N.D.1983), and a choice between two permissible views of the weight of the evidence is not clearly erroneous. *Zajac v. Great American Ins. Companies*, 410 N.W.2d 155, 157 (N.D.1987).

■ Romsoses presented evidence that tended to eliminate some potential causes of the damage. Romsoses presented evidence of dry weather conditions. They also secured testimony from a contractor who was doing work at the Romsos' house (and who, coincidently, had installed the septic system) who explained he did nothing to cause the septic system to overflow. Romsoses also presented evidence that pressure would be needed to force sludge into the house, and, without objection, Stanley Romsos stated his belief that Sorben caused the damage during Sorben's pumping of the septic system.

Sorben presented evidence that tended to show that sewage does not flow into a house during a normal septic-tank pumping operation and that he had conducted a normal operation. Sorben also testified that the only possible explanation for the incident was a methane gas explosion in the septic tank. Reviewing this testimony, we are not left with a definite and firm conviction that the trial court made a mistake in finding that Sorben's conduct was not the proximate cause of sewage flowing into Romsos' basement. The judgment is affirmed.

ERICKSTAD, C.J., VANDE WALLE and GIERKE, JJ., and EVERETT NELS OLSON, District Judge, concur.

EVERETT NELS OLSON, District Judge, sitting in place of MESCHKE, J., disqualified.